FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

_JACKSONVILLE_ Division

2009 APR 13 PM 1:34

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## CIVIL RIGHTS COMPLAINT FORM

_JAMES ALEXANDER LOGAN_
_PRO SE PLAINTIFF_

CASE NUMBER:_____
(To be supplied by Clerk's Office)

_Third AMENDED_
_COMPLAINT_

(Enter <u>full name</u> of each <u>Plaintiff</u> and prison number, if applicable)

v.

_CAPT. A.P. SMITH, Lt. R.J. BONSAN_
_Sgt. MICHAEL RILEY, Sgt. DARREN KENNINGTON_
_Sgt. D. WILLIAMS, Sgt. D. LINGIS_
_C/o L.L. SILCOX C/o T. A. FOWLER,_

(Enter <u>full name</u> of each <u>Defendant</u>. If additional space is required, use the blank area directly to the right).

_Sgt. WO GODWIN_
_R/N T. McPARRISH_
_PsD A-WILLIAM MATHEWS_
_M.D. VICTAR SEKUTIN_
_C/o BRIAN HUMPHERY Et._
_A. EACH SUED IN THEIR_
_INDIVIDUAL CAPACITIES IN_
_THEIR MALFEASANCE MISCONDUCT.(B)._
_DEFENDANTS ARE SUED INDIVIDUAL_
_CAPACITIES INDIVIDUALLY.© PLAINTIFF_
_ALLEGES SEPARATE CLAIMS.(D)._
_PLAINTIFF SEEKS DECLARATORY_
_JUDGMENT INJUNCTIVE RELIEF AND_
_PUNITIVE DAMAGE AND_
_COMPENSATORY RELIEF._
_(E). TRIAL BY JURY._

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.    <u>PLACE OF PRESENT CONFINEMENT:</u> _UNION CORRECTION INSTITUTION_
(Indicate the name and location)

II.   <u>DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?</u> Yes (X) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

DC 225 (Rev. 9/03)                                    1

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:</u>

<u>General Grievance</u>

> 1.  Informal Grievance (Form DC3-005)
> 2.  Formal Grievance (Form DC1-303)
> 3.  Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions:</u>

A.   <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

> 1.  Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (X) No (  )
>
> 2.  If so, you must attach a copy of the grievance and response to this Complaint form.
>
> 3.  Were you denied emergency status? Yes (X) No (  )
>
> > a.  If so, did you go through the informal grievance, formal grievance and appeal process? Yes (  ) No (X)
> >
> > b.  If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.   <u>Informal Grievance</u> (Request for Interview)

    1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (X)

    2. If so, you must attach a copy of the grievance and response to this Complaint form.

C.   <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

    1. Did you have a disciplinary hearing concerning this matter? Yes (X) No ( )

    2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

    3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (X)

    4. If so, you must attach a copy of the grievance and response to this Complaint form.

D.   <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

    1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
    Yes (●) No (X) (SEE) NUSSLE V WILLETTE 224 F. 3d 95 (2nd CIR. 2000)

    2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___9___ day of ____APRIL____ , 2 _009_ .

_____
Signature of Plaintiff

III.   **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (X)

If your answer is YES, answer the following questions.

A.   Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B.   Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C.   If your answer is YES:

1.   What steps did you take? _____ N/A _____

_____

2.   What were the results? _____

_____

3.   To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.   If your answer is NO, explain why not: _____

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___9___ day of ___APRl_____, 2 _009_ .

_____
Signature of Plaintiff

IV.   PREVIOUS LAWSUITS:

A.   Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

B.   Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (X) No ( )

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1.   Parties to previous lawsuit:

      Plaintiff(s): _James Alexander Lovan_

      Defendant(s): _James Licata sgto Et Al_

   2.   Court (if federal court, name the district; if state court, name the county):
      _united states district court middle district Ft. myers_

   3.   Docket Number: _2:02-cv-285-Ftm-29dnf_

   4.   Name of judge: _Sheri Polster Chappell_

   5.   Briefly describe the facts and basis of the lawsuit: _Excessive Force_

   6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
      _Denied_

   7.   Approximate filing date: _February 2002_

   8.   Approximate disposition date: _April 19 2007_

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style,

and the disposition of each case:

N/A, other cases filed 3:08-cv-993-J-12-JRK still pending
under APPEAL #08-16416-FF 11th. CIR. 3:08-cv-1126-J-34-JRK
dismissed, 2:01-cv-588-Ftm-29dnf dismissed, 2:02-cv-184-
Ftm-29dnf dismissed, 3:07-B cv-1156-J-32-JRK ~~pending~~
Additionally # 2:06-cv-335-Ftm-99JPC pending. See also
3:08-cv-1156-MMH-JRK dismissed.

V.   **PARTIES**:  In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank.  Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: James Alexander Logan # Y00683

Mailing address: Union Correction Inst. 7819 N.w. 228th St.
Raiford, Fl 32026

B.   Additional Plaintiffs: _____

_____

_____

In part C of this section, indicate the <u>full name</u> of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: Andrew P. Smith

Mailing Address: Florida State Prison 7819 N.w. 228th St.
Raiford, Fl 32026

Position: Captain

Employed at: Florida State Prison

D.   Defendant: R. L. Barban

Mailing Address: Florida State Prison 7819 N.w. 228th St.
Raiford, Fl 32026

Position: Lieutenant

Employed at: _FLORIDA STATE PRISON_____

E. Defendant: _Michael Riley Sgt._____

Mailing Address: _FLORIDA state PRISON 7819 N.w. 228th st._
_RAIFORD, Fl 32026 last Address unown_

Position: _____ now Lt. At charlotte c.i. or F.S.P._

Employed at: ■_charlotte c.i. or F.S.P. to my_
_knowledge._

F. Defendant: _1) DARREN HENNINGTON- transfer to_

Mailing Address: _Union correction Inst. 7819 N.w. 228th_
_st. RaiFord, Fl 32026_

Position: _____ SERGEANT_____

Employed at: _____ Union c.i._____

G. Defendant: _J. WILLIAMS_____

Mailing Address: _FLORIDA State PRISON 7819 N.w. 228th_
_st. RAiFord, Fl 32026_

Position: _____ SERGEANT_____

Employed at: _FLORIDA State PRISON_____

H. DEFENDANT J.L. SILCOX
MAILING ADDRESS. FLORIDA STATE PRISON
7819 N.w. 228th st.
RAIFORD, Fl 32026
POSITION. OFFICER
EMPLOYED At. FLORIDA STATE
PRISON

I. Defendant: BRAIN HUMPHERY
Mailing Address: Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: Officer
Employed At: Florida State Prison

J. Defendant: D. Lindis
Mailing Address: Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: Sergeant
Employed At: Florida State Prison

K. Defendant: W. Goodwin
Mailing Address: Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: Sergeant
Employed At: Florida State Prison

L. Defendant: T. A. Fosier
Mailing Address: Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: Officer
Employed At: Florida State Prison

M. Defendant: M.D. Victor Selrutin
Mailing Address use to be- Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: Medical Doctor
Employed At: use to be- Florida State Prison

N. Defendant: William Mathews
Mailing Address: Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: P.A.
Employed At: Florida State Prison

O. Defendant: T. N. Parrish
Mailing Address: Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: R/N
Employed At: Florida State Prison

**VI.**   **STATEMENT OF CLAIM:**  State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

All named Defendant(s) violated Plaintiff 8th 14th U.S. constitutions and committed Assault and battery under 775.f03-4. 944.35. and 768.28 Fos. and violated d.o.c. Rules under chapter 33-2AR.002.8. and 2AR.003.24. section.

**VII.**   **STATEMENT OF FACTS:**  State as briefly as possible the FACTS of your case. Describe how each defendant was involved.  **Do not make any legal arguments or cite any cases or statutes.**   State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

(SEE) NUSSLE V WILLETTE 224 F. 3d 95 (2nd CIR. 2000) Grievance of a sensitive nature: EXCESSIVE use of Force I am bypassing the informal grievance level due to the nature of this complaint on August 30 2007 at approximately 10:25 Aim- I inform the wing officers sgt. w. Godwin and officer fowler that I was feeling depress and suicidal and in dire to see my psyche doctor but to no avail. then on said date at approximately 1:20 pim. CAPT. A.P. smith and Lt. Bonsai came to my cell (B1327) and I advised them that I need to see my psyche doctor, because I was feeling depress and suicidal but to no avail.

**Statement of Facts, continued:**

I then commence lighting toilet PAPERS AND threwing SERVERAL PIECES IN the hallway IN front of my cell AND AttEMpted suicide by hanging myself AND thats when sgt. D. Lingis sprayed the fire extingisher into my cell, but there was no fire within my cell Nuring this time capt. A. P. smith AND Lt. R. J. BonsAll hAN NEPARTEN from my cell AND RETURNEN At 1:34 p.m. with the cell extraction teAm. the capt. A. P. smith oRNER officer fowler to open my cell door AND After he complied, the team sgt. bEnnington, sgt. williAms, sgt. Riley, c/o T. L. silcox c/o humphERy ENTEREN my cell threw ME to the flooR AftER I wAs on the floor they plACEN hAnNcuffs on my wRists AND iAiN officers commence pounching me in my face, head, while other commence kncking me in the sides AND bACk AND I wAs hollering AND screaming out in pAin thAt I am not RESISTING NumEROus times. cApt. A. P. smith AND Lt. BonsAll stAnNby AND wAtchEN the cell extrACTION teAm physicAl Abused me while REstAinted AnN fAil to intERVENE their officers misconduct but incited those officers misconduct knowingly that they wAs violAting my 8th And 14th AmEnNMEnts And violAtinq, d.o.c. Rules, policy, AnN PRocEduRES unNER chApter 33-208.002.8. And 208.003.74.

<u>Continuation of Statement of Facts:</u>

And 33-602.210 policy during these events, the incidents was not videotaped during the assaults. Inmates Mays Ronald #319773 cell (B1328) and Inmate Scurry Michael # 426089 cell (B1311) is witnesses to said assault and battery which violated 775.803-4. 944.35. 768.28. F.S. And I sustained extreme swelling to the left and right side of my face and back of my head and extreme pain to both ribcages and lower back. thereafter I was escorted from my cell (B1327) to medical department still restrained and when I entered the emergency room said officers commence pounching me again repeatedly in my face, head, and threw me to the floor on my right shoulder which became dislocated and one of the officer placed a (spit shield) over my face after said officers cease from abusing me to conceal the physical injuries I sustained from the assaults. I was then aggressively snatched up off the floor which causes my right shoulder to be relocated. I was examining by Nurse T.A. Parrish and M.D. Victor Selyutin who watched me get physical abused and both medical personnels (fail to intervene) the officers misconduct and they both fail to proper examining me and all sustained injuries and they fail to removed the (spit shield) from over my whole head and face to examining said injuries but wrote in my medical record (no injuries) sustained. After said events I was escorted from medical back to my cell (B1327). during these assaults incidents there were was no (camcorde cameras) was utilized in accordance with 33-602.210. policy. for relief I requests that B-wing 3rd floor cameras v video tapes be included into this investigation to fully substantiate all allegations herein and that criminal charges be filed against said officers for my physical and emotional injuries sustained from the assault from the excessive use of force which was done maliciously and sadistically to cause harm to physical who violated my 8th and 14th const.

9-(B)

## STATEMENT OF CLAIMS:

(1). Defendant Andrew P. Smith Actions in using physical force Against plaintiff without need or provocation or in exercising excessive force were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the 8th amendment of the U.S. constitution.

(2). The actions of Defendant D. Hennington in using physical force against plaintiff without need or provocation or justification whiles plaintiff was restrainted was done with maliciously and sadistically an intent to injury plaintiff And cause harm and constituted cruel And unusual punishment in violation of the 8th amendment of the U.S. constitution And part 13th and 14th amendments.

(3). The actions of Defendant M. Riley in using physical force against plaintiff without need or provocation or justification whiles plaintiff was restrainted was done with maliciously and sadistically an intent to injury plaintiff and cause harm And constituted cruel And unusual punishment in violation of the 8th amendment of the U.S. constitution and part 13th And 14th amendments.

(4). The actions of Defendant R.T. Bonsall in using excessive physical force upon plaintiff without need or unprovoked violated plaintiff rights under the 8th amendment of the U.S. constitution acted with malicious and sadistic in an effort to injury plaintiff.

STATEMENT OF CLAIMS CONTINUATION.

(5). the Actions of Defendant J.L. Silcox in using Physical force Against Plaintiff without need or provocation was done maliciously and sadistically to injury Plaintiff constituted cruel And unusual punishment in violation of the 8th Amendment of the U.S. Constitution And PART 13th and 14th Amend.

(6). the actions of Defendant B. Humphery in using excessive Physical force upon Plaintiff without need or unprovoked violated Plaintiff Rights under the 8th Amendment of the U.S. Constitution Acted with malicious And sadistic in an effort to injury Plaintiff.

(7). the Actions of Defendant D. Williams in using Physical force against Plaintiff without need or provocation or justification whiles Plaintiff was restrained was done with maliciously And sadistically An intent to injury Plaintiff and cause harm and constituted cruel And unusual punishment in violation of the 8th Amendment of the U.S. Constitution And PART 13th and 14th

(8). the actions of Defendant D. Lingis in using excessive Physical force upon Plaintiff without need or un provoked violated Plaintiff Rights under the 8th Amendment of the U.S. Constitution Acted with malicious And sadistic in an effort to injury Plaintiff.

(9). the Actions of Defendant T.A. Fowler in using excessive Physical force upon Plaintiff without need or unprovoked violated Plaintiff Rights under the 8th Amendment of the U.S. Constitution Acted with malicious And sadistic in an effort to injury Plaintiff.

STATEMENT OF CLAIMS CONTINUATION

(10). the actions of Defendant W. Goodwin using excessive physical force upon plaintiff without need or unprovohed violated plaintiff rights under the 8th amendment of the U.S. constitution acted with malicious and sadistic in an effort to injury plaintiff.

(11). the actions of Defendant T.M. Parrish in using physical force against plaintiff without need or provocation or justification whiles plaintiff was restrainted was done with maliciously and sadistically an intent to injury plaintiff and cause harm and constituted cruel and unusual punishment in violation of the 8th amendment of the U.S. constitutions and part 13th and 14th, for failing to intervene.

(12). the actions of Defendant Victor Selyutin in using excessive physical force upon plaintiff without need or unprovohed violated rights under the 8th amendment of the U.S. constitutions acted with malicious and sadistic in an effort to injury plaintiff by failing to intervene.

(13). the actions of Defendant William Mathews in failing to proper examining plaintiff and failing to documents all (sustained injuries) from the "attack" plaintiff suffer constituted deliberately medical indifference in violation of plaintiff 8th amendment and 14th of the U.S. constitution acted with malicious and sadistic in an effort to injury plaintiff.

SECOND STATEMENT OF CLAIMS.

W. Godwin

(14). the Actions of Defendant ~~~~~~ and Fowler in using physical force against plaintiff without need or provocation constituted the tort's of assault and battery under 775.803-4 and 944.35. and 768.28. F.S. by failing to intervene.

(15). the Actions of Defendant T. M. Parrish and M.D. Victor Selyutin in using physical force against plaintiff unprovoked constituted the tort of assault and battery with negligence under 775.803-4 944.35. and 768.28.F.S. by failing to intervene.

(16). the Actions of Defendant A. R. Smith and R. L. Bonsall in using excessive physical force upon and against plaintiff without need or unprovoked constituted the tort of assault and battery under 775.803-4. and 944.35. 768.28. F.S

(17). the Actions of Defendant M. Riley and D. Kennington in using excessive physical force upon and against plaintiff unprovoked constituted the tort of assault and battery with negligence under 775.803-4 944.35. 768.28. F.S.

(18). the Actions of Defendant G. L. Silcox and B. Humphery in using excessive physical force upon and against plaintiff without need or provocation constitutes the tort of assault and battery under 775.803-4 944.35. and 768.28. F.S. negligence

(19). Defendant D. Williams and D. Linois Actions in using excessive physical force upon and against plaintiff unprovoked constituted the tort of assault and battery with negligence under 775.803-4. 944.35 and 768.28.F.S.

(20). Defendant P. A. William Nathews Actions in using excessive physical force against plaintiff without need or provocation constitutes the tort of assault and battery under 775.803-4. 944.35. 768.28. Act in bad faith gross negligence in violation of plaintiff 8th and 14th Constitutions under deliberately medical indifference By failing to document all plaintiff injuries.

P. 4

SECOND STATEMENT OF CLAIMS CONTINUATION:

THE DEFENDAN(S) ACTIONS VIOLATED PLAINTIFF RIGHTS TO (EQUAL PROTECTION) IN VIOLATION OF PLAINTIFF 14th AMENDMENT RIGHTS WHEN USED EXCESSIVE FORCE AGAINST PLAINTIFF DELIBERATELY WITH DISREGARD AND GROSS SADISTIC AND MALICIOUS INTENT TO CAUSE HARM TO PLAINTIFF.

DEFENDAN(S) ACTIONS WERE OUTSIDE OF THEIR EACH EMPLOYEMENT AND IN VIOLATION OF THE DEFENDANTS OWN RULES, POLICY WHILE ACTING OUTSIDE THE SCOPE OF THEIR EACH EMPLOYEMENT ARE (SUED EACH IN THEIR INDIVIDUAL CAPACITIES INDIVIDUALLY.)

P. 5

VIII.   **RELIEF REQUESTED**:   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

*PLEASE REVIEW*

*continuando Relief PAPERS*

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this _____9_____ day of ___APRIl_____, 2 _009_.

James Alexander Logan #
J00683
Union C.C.
7819 N.W. 228th St.
Raiford, Fl 32026

_____
(Signatures of all Plaintiffs)

## RELIEF REQUESTED:

FOR RELIEF, Plaintiff REQUESTS the court do the following: (1). ISSUE A DECLARATORY JUDGEMENT stating that defendants actions VIOLATED Plaintiff 8th PART 13th And 14th AMENDMENT Rights and that defendants actions constituted AN ASSAULT AND BATTERY UNDER STATE LAW: (2). STATE And FEDERAL CRIMINAL INDICTMENTS AGAINST EACH defendants.
(3). 100.000. IN DAMAGES EACH defendants for Plaintiff PHYSICAL INJURIES. And EMOTIONAL INJURIES. (4). 150.000. IN DAMAGES AGAINST defendant and JOINTLY for Plaintiff PHYSICAL INJURIES. (5). ORDER defendants to COVER the costs of Plaintiff medical NEEDS AS A RESULT FROM the ATTACK AND PAY All COURT FEES AND ATTORNEY FEES.

DEFENDANT A. P. SMITH ARE SUED 100.000. FOR Plaintiff PHYSICAL INJURIES And EMOTIONAL INJURIES IN VIOLATION OF Plaintiff 8th PART 13th And 14th OF the U.S. CONSTITUTION ARE SUED IN his INDIVIDUAL CAPACITIES, FAILING to INTERVENE his OFFICERS misconduct UNDER COLOR OF STATE LAW.

DEFENDANT R. L. BONSALL ARE SUED 100.000. FOR Plaintiff PHYSICAL INJURIES And EMOTIONAL INJURIES IN VIOLATION OF Plaintiff 8th PART 13th And 14th OF the U.S. CONSTITUTION ARE SUED IN his INDIVIDUAL CAPACITES, FAILING to INTERVENE his OFFICERS misconduct UNDER COLOR OF STATE LAW.

DEFENDANT MICHAEL RILEY ARE SUED 100.000. FOR Plaintiff PHYSICAL INJURIES And EMOTIONAL INJURIES IN VIOLATION OF Plaintiff 8th And 14th CONSTITUTION OF the U.S. CONSTITUTION ARE SUED IN his INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

RELIEF REQUEST: CONTINUATION

DEFENDANT D. KENNINGTON ARE SUED 100.000. FOR PLAINTIFF PHYSICAL INJURIES AND EMOTIONAL INJURIES IN VIOLATION OF PLAINTIFF 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN HIS INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT D. WILLIAMS ARE SUED 100.000. FOR PLAINTIFF PHYSICAL INJURIES AND EMOTIONAL INJURIES IN VIOLATION OF PLAINTIFF 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN HIS INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT U.L. SILCOX ARE SUED 100.000. FOR PLAINTIFF PHYSICAL INJURIES AND EMOTIONAL INJURIES IN VIOLATION OF PLAINTIFF 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN HIS INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT B. HUMPHERY ARE SUED 100.000. FOR PLAINTIFF PHYSICAL INJURIES AND EMOTIONAL INJURIES IN VIOLATION OF PLAINTIFF 8th AND 14th OF THE U.S. CONSTITUTION ARE SUED IN HIS INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT D. LINDIS ARE SUED 100.000. FOR PLAINTIFF PHYSICAL INJURIES AND PLAINTIFF EMOTIONAL INJURIES IN VIOLATION OF PLAINTIFF 8th AND 14th OF THE U.S. CONSTITUTION ARE SUED IN HIS INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

## RELIEF REQUESTED:

1) DEFENDANT W. BALDWIN ARE SUED 100.000 FOR Plaintiff PHYSICAL INJURIES AND EMOTIONAL INJURIES FOR FAILING TO INTERVENE IN VIOLATION OF PLAINTIFF 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN his INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT T. FOWLER ARE SUED 100.000 FOR Plaintiff PHYSICAL INJURIES AND EMOTIONAL INJURIES FOR FAILING TO INTERVENE IN VIOLATION OF Plaintiff 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN his INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT M.D. VICTOR SELYUTIN ARE SUED 100.000 FOR Plaintiff PHYSICAL INJURIES AND EMOTIONAL INJURIES FOR FAILING TO INTERVENE AND FOR FAILING TO DOCUMENT ALL SUSTAINED INJURIES Plaintiff SUSTAINED IN VIOLATION OF Plaintiff 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN his INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT WILLIAM MATHEWS ARE SUED 100.000 FOR Plaintiff PHYSICAL INJURIES AND EMOTIONAL INJURIES FOR FAILING TO DOCUMENT ALL Plaintiff PHYSICAL INJURIES ACT IN BAD FAITH GROSS NEGLIGENCE IN VIOLATION OF Plaintiff 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN his INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT(S) ARE SUED 150.000. EACH AND JOINTLY FOR Plaintiff PHYSICAL ▮▮▮▮▮ AND EMOTIONAL INJURIES IN DAMAGES IN THEIR INDIVIDUALLY CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT(S) ACT UNDER COLOR OF STATE LAW AT THE TIME OF THESE CONSTITUTIONS VIOLATIONS AND THEY CONTINUED TO ACT UNDER COLOR OF STATE LAW.

RESPECTFULLY SUBMITTED
BY James Logan
JAMES A. LOGAN #V00683
UNION CORRECTION Inst.
7819 NW 228th St.
RAIFORD, FL 32026

10.D

# TABLE OF CONTENTS

Exhibit (A) DECLEARED STATEMENT From Inmate
Michael Scurry #Y26089

Exhibit (B). DECLEARED STATEMENT From Inmate
James Alexander Logan #Y00683

Exhibit (C). Maya Ronald C.#319448 DECLEARED
STATEMENT.

STATEMENT OF FACTS ON P. 8-9(B).

STATEMENT OF CLAIMS ON P. 1-5.
RELIEF REQUESTED ON P. 10.A — 10.D.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Exhibit (A)

JAMES ALEXANDER LOGAN,
Inmate # Y00683
                Plaintiff,

V.

CAPTAIN ANDREW P. SMITH, ET AL.,
                Defendants.

DECLARATION

(MICHAEL J. SCURRY)

CASE NO: _____

Michael J. Scurry hereby declares:

On 8-30-07 at or about 1:35p.m. I observed Captain Smith order inmate Logan to submit to the handcuff procedures in which inmate Logan were attempting to explain his mental health instabilities. Moments after Captain Smith left down stairs to form the cell extraction squad, Lt. ~~[redacted]~~ and Sgt.Lingis approached inmate Logan's cell door (B-1337.) While knowing that there wasn't a fire to be extinguished, Lt. Bonsall ~~[redacted]~~ made a pretense as if there was a live fire in said cell and told Sgt.Lingis to spray inmate Logan with the fire extinguisher. Within mere seconds Captain Smith reappeared accompanied by the cell extraction squad. After a brief pause to allow most of the fog to dissipate Cpt.Smith gave the order for C/O Fowler to open cell B-1337 where inmate Logan is housed. At that time I observed inmate Logan lie down on his stomach in the center of said cell so as to submit to the handcuff procedure. Immediately after being cuffed & shackled, all five extracting officers began to viciously punch, knee and kick inmate Logan everywhere. Perhaps a minute or two later, they half dragged-half carried inmate Logan out of cell. It should be noted that inmate Logan's face was completely covered with blood. Also after inmate Logan was dragged to medical I was able to identify one of the extracting members (who I observed doing the kicking) as being one Sgt.Riley.

I declare under penalty of perjury that the foregoing statement is true and correct. Executed at Raiford, Florida on August 30, 2007.

Michael Scurry Sr.
Signature

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Exhibit (B)

JAMES ALEXANDER LOGAN                    Declaration
INMATE # Y00683                          JAME A. LOGAN

          Vs                             CASE N/0_____
CAPTAIN ANDREW P. SMITH
     DEFENDANT(S) ET AL.

          JAMES ALEXANDER LOGAN, HEREBY DECLARES:
ON AUGUST 30, 2007, AT APPROXIMATELY 1:20P.M. I
WAS SPRAYED WITH A FIRE EXTINGISHER by SGT. D.
LINDIS at the Lt. R.J. Bonsall ORDER knowing
there wasn't NO live fire in my cell. I
WAS SPRAYED while "ATTEMPTING TO HANG" myself
IN (B13275) After I was sprayed CAPT. Smith and
Lt. R.J. Bonsall both left. at approximately 1:34P.M.
CAPT. A. P. Smith and Lt. Bonsall came back with
the cell extraction team with NO CAMERA. All
this happen After I inform SGT. Goodwin and
officer Fowler at 10:25 A.M. that I needed a
PSYCHE EMERGENCY because I was feeling
DEPRESS and suicidal and in dire need to see
my PSYCHE DOCTOR to NO AVAIL SO at 1:34 P.M.
CAPT. A. P. Smith and Lt. R.J. Bonsall came with
the cell extraction team. CAPT. A. P. Smith ORDER
C/O Fowler to OPEN my cell DOOR and AFTER
C/O Fowler complied, the team, SGT. N. RELEY and
SGT. D. hennington, SGT. D. Williams, C/O Humphery, and

I DECLARE UNDER PENALTY of PERJURY that the
FOREGOING STATEMENT IS TRUE AND CORRECT
EXECUTED At RAIFOR FLORIDA ON August 30, 2007.

                              James Logan
                              SIGNATURE

P. 1.

CONTINUATION OF INMATE JAMES A. L. KELY DECLARATION
STATEMENT.

C/O J.L. WILCOX ENTERED MY CELL, THREW ME TO THE FLOOR, PLACED HANDCUFFS ON MY WRISTS AND SAID OFFICERS COMMENCE POUNCHING ME IN MY FACE AND HEAD WHILE OTHER COMMENCE KICKING ME IN THE SIDES AND BACK, I WAS HOLLERING AND SCREAMING OUT IN PAIN THAT I WASN'T RESISTING NUMEROUS TIMES. CAPT. A.P. SMITH AND LT. R.J. BONSALL STOODBY AND WATCHED THE CELL EXTRACTION TEAM PHYSICALLY ABUSED ME WHILE RESTRAINTED AND (FAILED TO INTERVENE) TO STOP THEIR MISCONDUCT. DURING THESE EVENTS OF ASSAULTS THERR WAS NO CAMCORDER CAMERA VIDEOTAPING THESE INCIDENTS INMATES MAYS, RONALD C. DC# 319443 AND SCURRY, MICHAEL J. DC# Y26089 IS WITNESSES TO SAID ASSAULTS AND BATTERY AND I SUSTAINED EXTREME SWELLING TO THE LEFT AND RIGHT SIDE OF MY FACE AND THE BACK OF MY HEAD AND EXTREME PAIN TO BOTH RIBS AND BACK. THERE AFTER I WAS ESCORTED FROM MY CELL TO MEDICAL DEPT. AND WHEN I ENTERED THE EMERGENCY ROOM, SAID OFFICERS COMMENCE POUNCHING ME AGAIN REPEATEDLY IN MY FACE AND HEAD AND THREW ME TO THE FLOOR ON MY RIGHT SHOULDER WHICH WAS DISLOCATED. WHEN SAID OFFICERS CEASE ABUSING ME THEY AGGRESSIVELY SNATCHED ME UP OFF THE FLOOR, MY RIGHT SHOULDER WAS RELOCATED AND ONE OF THE OFFICER PLACED A SPIT SHIELD OVER MY HEAD TO CONCEAL THE HEAD AND FACE INJURIES I SUSTAINED I WAS EXAMINED BY NURSE I. M. PARRISH WHO HAD WATCHED ME GET PHYSICAL ABUSED AND FAILED TO INTERVENE AND DOCTOR V. SELYUTIN AND BOTH MEDICAL PERSONNEL DID NOT REMOVE THE SPIT SHIELD FROM OVER MY FACE AND HEAD COMPLETELY TO EXAMINE SAID INJURIES SUSTAINED. BUT WROTE IN MY MEDICAL RECORDS "NO" INJURIES SUSTAINED AFTER SAID EVENTS I WAS ESCORTED BACK FROM MEDICAL BACK TO MY CELL (B1327) ON B-WING DURING THE ENTIRE ASSAULT INCIDENTS NO CAMCORDE CAMERA WAS UTILIZED IN ACCORDANCE WITH CHAPTER 33-602.210. POLICY.

DATED 8-30-07

RESPECTFULLY SUBMITTED
S/James Kelly
JAMES A. KELLY
DC# 700683
FLORIDA STATE PRISON
7819 N.W. 228th ST.
RAIFORD, FL 32026

P. 1. of 2.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JAMES ALEXANDER LOGAN,
Inmate # Y00683
      Plaintiff,

V.

CAPTAIN ANDREW P. SMITH, ET. AL,
      Defendants.

DECLARATION EXhibit (C)

(RONALD CURTIS MAYS)

CASE NO. _____

     Ronald Curtis Mays hereby declares:

   On August 30, 2007 at or about 1:34 p.m., I Ronald Curtis Mays DC# C-319443, was assigned to Cell# B-1328 S at Florida State Prison, was standing to my cell door when I observed Captain A.P. Smith and Lieutenant Bonsall ▬▬▬▬ with the Cell Extraction Team, approached Inmate Logan, James, DC#Y00683, Cell (B-1327 S) door. Captain A.P. Smith ordered Officer Fowler to roll open Cell B-1327. Once the Cell was open, the Cell Extraction Team entered Inmate Logan's Cell with the Shield. While the Team was in said Cell, I heard Inmate Logan Commence hollering out in pain and Captain A.P. Smith stated", Stop Resisting!" Inmate Logan stated numerous time," I am not resisting!" The Team was in Inmate Logan's Cell between 4 to 10 minutes and when they finally brought Inmate Logan out of the cell, I notice the left side of his face was extremely swollen and he was covered with the content from the Fire Extinguisher.

   I declare under penalty of perjury that the foregoing Statement is true and Correct. Executed at Raiford, Florida on August 30, 2007.

                           Ronald Curtis Mays
                           SIGNATURE

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

<u>**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**</u>

TO: ☒ Warden          ☐ Assistant Warden          ☐ Secretary, Florida Department of Corrections

From: LOGAN      JAMES      Y04683      UNION C.I.
　　　Last　　First　　Middle Initial　　Number　　Institution

"AMENDED COMPLAINT:

### Part A – Inmate Grievance

(SEE) NUSSLE V. WILLETTE 224 F.3d 95 (2nd CIR. 2000)
GRIEVANCE OF A SENSITIVE NATURE: EXCESSIVE USE OF FORCE
I AM bypassing the informal GRIEVANCE level due to the NATURE
of this complaint. ON AUGUST 30, 2007, AT APPROXIMATELY 10:25 A.M.
I INFORMED THE WING OFFICERS Sgt. W.W. BALDWIN AND OFFICER
FOWLER that I WAS feeling DEPRESS AND SUICIDAL AND IN
DIRE NEED to SEE MY PSYCHE DOCTOR but to NO AVAIL.
then ON SAID date approximately 1:20 P.M. CAPT. A.P. SMITH
AND Lt. R.J. BONSALL CAME to MY CELL (B-1327) AND I ADVISED
them that I NEED to SEE MY PSYCHE DOCTOR, because
I WAS feeling DEPRESS AND SUICIDAL but to NO AVAIL.
I then COMMENCE lighting toilet PAPER AND threw several
PIECES IN the hallway IN front of MY CELL AND
ATTEMPTED SUICIDE by hanging myself AND thats
when Sgt. LINGIN SPRAYED THE FIRE EXTINGSHER
into MY CELL, but it was not NO FIRE WITHIN MY CELL.
during this time CAPT. A.P. SMITH AND Lt. R.J. BONSALL
had DEPARTED From MY CELL AND RETURNED AT APPROX 1:34 P.M.
with the CELL EXTRACTION TEAM. the CAPT. A.P. SMITH
ORDER OFFICER FOWLER to OPEN MY CELL DOOR AND AFTER
he COMPLIED the TEAM Sgt. KENNINGTON, Sgt. WILLIAMS,
Sgt. MICHAEL RILEY, c/o J.L. SILCOX, c/o BRIAN HUMPHERY ENTERED
MY CELL, threw ME to the floor, PLACED handcuffs ON MY
WRISTS AND SAID OFFICERS COMMENCE POUNCHING ME IN MY
FACE AND head while OTHER COMMENCE kicking ME IN the
SIDE AND BACK AND I WAS HOLLERING AND SCREAMING OUT IN

_7-12-09_
DATE

_James Logan_ Y04683
SIGNATURE OF GRIEVANT AND D.C. #

SEE ATTACHED RESPONSE

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _0_ / _James Logan_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　# 　　Signature

**INSTRUCTIONS**

━━ PAIN that I was not resisting NUMEROUS times.
Capt. A.P. Smith and Lt. Bonsall standby and watched the
cell extraction team physical abused me while restrainted
and fail to INTERVENE their officers misconduct, but
incited those officers misconduct knowingly that they
was violating my 8th Amendment and 14th and violating
d.o.c. own Rules policies and procedures under
chapter 33-208.002(8). and 33-208.003.24. and 33-602.210 rule.
during these events, the incidents was not video taped,
Inmates Mays, Ronald C. dc# 319443 cell(B1328) and Inmate
Scurry Michael DC# YZ6089 cell(B1311) is witnesses to
said assault and battery which violated 775.803-4. 944.35.
and 768.28. F.S. and I sustained extreme swelling
to the left and right side of my face and back of
my head and extreme pain to both ribcages and
lower back. thereafter I was escorted from my
cell B1327 to medical department still restrainted
and when I entered the emergency room said
officers commence punching me again repeatedly
in my face, head, and threw me to the floor on
my right shoulder which became dislocated and
one officer placed a(spit shield) over my face,
after said officers cease abusing me to conceal
the physical injuries I sustained from the assaults.
I was then aggressively snatched up off the floor
which cause my right shoulder to be relocated.
I was examining by Nurse T.W. Parrish and M.d.
Victor Selyutin who watched me get physical abused
and both medical personnel fail to intervene the
officers misconduct and they both fail to proper
examined an sustained injuries and fail to removed
the spit shield from over my whole head and face
to examined said injuries but wrote in my medical
records (no injuries)' sustained.' After said events
I was escorted from medical back to b-wing and
placed back into my cell(B1327). during these assaults
incidents there were(no calicarde (cameras)) was
utilized in accordance with 33-602.210. policy. for
relief I requests that b-wing 3rd floor cameras videos
tapes be included into this investigation to fully
substantiate all allegations herein and that criminal
charges be filed against said officers for my physical
and emotional injuries sustained as a result from the
excessive use of force,' which was done maliciously and
sadistically to cause me physical harm which violated my
8th and 14th Constitutions: Sincerely Jewelsso

**PART B - RESPONSE**

| LOGAN, JAMES | Y00683 | 0901-213-127 | UNION C.I. | U4204L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

This issue was previously reported to the office of the inspector general for appropriate review and disposition. If the allegations are substantiated, appropriate action will be administered by the office of the inspector general.

As this issue was previously reported, your grievance is denied.

You have fifteen days to appeal this decision to:
Bureau of Inmate Grievance Appeals
2601 Blair Stone Road
Tallahassee, FL 32399-2500

P. Jenkins                    M. Hicks

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 1-23-09 DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding



MAILED
JAN 26 2009
UCI GRIEVANCE OFFICE

**PART B - RESPONSE**

| LOGAN, JAMES | Y00683 | 07-6-25236 | (205) FSP - MAIN UNIT | B1327S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

Please be advised that you can not use the grievance process for monetary gain.

In addition, the institution was contacted and they provided this office with information regarding the issues you presented.

It is determined that the response made to you by Dr. Selyutin on 9/19/07 appropriately addresses the issues you presented.

It is the responsibility of your Chief Health Officer to determine the appropriate treatment regimen for the condition you are experiencing.

Specialty consults are ordered by your Chief Health Officer when in his judgment a medical need is presented.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL
THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THIS ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW

Pilar Tournay, IISC

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

10/30/07 DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Continuation Sheet:

not document said injuries in my Medical Records. Due to said Physician William Mathews failure to provide me adequate Medical Care to my Serious Medical Needs, Constituted deliberate indifference in Violation of the Eighth Amendment of the United States Constitution.

Please note for the Records(s) that I did not fall and hit my head on anything and I sustained all injuries from said Correctional Officers fists and feet. Furthermore, Physician William Mathews have a history of falsifying Medical Records, Submitting fraudulent and misleading Statement's in an attempt to Conceal the Correctional Officers' assaultive misconduct.

For relief, I requests that I be examined by an Outside Specialist due to Medical Staff(s) attempting to cover up said Officers' misconduct and that I be compensated in the amount of $75,000 in damages due to Physician William Mathews' wrongful acts or omissions.

Signature : James A. Logan
DC# : Y00683
Date : 9\24\07

**1327**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

B13?

RECEIVED
SEP 06 2007
FSP MEDICAL DEPARTMENT

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From: Logan,        James         Y00683        Florida State Prison
         Last      First    Middle Initial        Number                    Institution

---

### Part A – Inmate Grievance

Grievance of a Medical Nature; Denial of Medical Care. I am filing this Complaint in accordance with Chapter 33-103.006(3)(e) and 33-103.008, F.A.C. On August 31, 2007 at approximately 6:00 a.m., I informed Sergeant M. Hall that I was declaring a Medical Emergency due to the injuries I received on 8/30/07 by the Cell Extraction Team when they physically abused me while I was hand-cuffed and Shackled. On said date at approximately 6:12 a.m., a male Nurse (Unknown) came to my Cell door and after he examined my face, he asked me what happened to me in which I told him about the Excessive Use of Force that occurred on 8/30/07. Said Nurse advised me that he would have Security Staff(s) pull me out to go to Medical Department. Well, on said date at approximately 8:40 a.m., I was placed in full restraints and escorted from my Cell (B-1327s) to Medical Department and during the examination by Doctor E. Madan, I informed him of all injuries I sustained on 8/30/07 by the Cell Extraction Team. Doctor E. Madan had acknowledge that both side of my face was Swollen, back of my head Swollen, and both ribs was bruised and Said Doctor did not provide me any form of Medical Treatment whatsoever and did not document Said injuries in my Medical Records. Due to Doctor Madan failure to provide me adequate Medical Care

| | |
|---|---|
| 8/31/07 | James Logan #Y00683 |
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

0709-205-082

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ⊘    I DO NOT AGREE
                                                                                                                #          Signature

SEE ATTACHED
RESPONSE
INSTRUCTIONS

Continuation Sheet:

to my Serious Medical needs, Constituted delib-
erate indifference in Violation of the Eighth
Amendment to the United States Constitution.

For relief, G requests that G be examined
by a Outside Specialist due to the fact that
Medical Staff(s) attempting to Cover up Said
Officers' misconduct and that G be Compen-
Sated in the amount #75,000 in damages due
to Doctor E. Madan's wrongful acts or omissions.


Signature: James Logan
         DC# : Y00683
         Date : 8\31\07


RECEIVED
SEP 06 2007
FSP MEDICAL DEPARTMENT

**PART B - RESPONSE**

| LOGAN, JAMES | Y00683 | 0709-205-082 | (205) FSP - MAIN UNIT | B1327S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAWS.

In response to your Formal Grievance 0709-205-082, dated 9/06/07, the information you provided has been reviewed.
Review of your medical record indicates you were seen by nursing at 06:20 a.m. and that you had a possible hematoma
to the right side of your head and you stated you had headaches since your injury of 08-30-07. It is further stated you
advised medical that after setting cell contents on fire, during an attempt to extinguish the fire and evacuate your cell that
you hit your head on something (object unknown). You were seen by Mr. Mathews, not Dr. Madan on 8-31-07 at which
time all your physical systems were evaluated and the only treatment medically indicated was the washing out of your
right ear until clear. You were told to take Tylenol available on the Wings, when needed. The only sick call you had since
was on 9-05-07 with regards to your right ear and you already have an appointment set to address that issue. There has
been no deliberate indifference and any outside referral will be at the decision of your current institutional physician.
Presenting and verified medical signs and symptoms have been appropriately treated. Based on the above, your
grievance is denied.

GRIEVANCE IS HEREBY DENIED.  Should you elect to obtain further administrative review, you may do so by obtaining
Form DC1-303, Request for Administrative Remedy or Appeal to the Bureau of Inmate Grievances, 2601 Blairstone
Road, Tallahassee, FL, 32399-2500 within the specified time frame.

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

MAILED
SEP 21 2007
FCP GRIEVANCE OFF

1334

FLORIDA DEPARTMENT OF CORRECTIONS            09/04/2007

ISO0150 (01)            CHARGING DISCIPLINARY REPORT                              PAGE:        1
                            LOG # 205-072773
----------------------------------------------------------------------
DC#: Y00683    INMATE NAME: LOGAN, JAMES A.            INFRACTION

VIOLATION CODE:  0061    TITLE: DISOBEYING ORDER        DATE: 08/30/07

FACILITY CODE:  205     NAME: FLORIDA STATE PRISON     TIME: 13:30
----------------------------------------------------------------------

I.   STATEMENT OF FACTS

      INMATE LOGAN, JAMES IS BEING CHARGED WITH 6-1 DISOBEYING

      ORDER, RULE OF PROHIBITED CONDUCT 33-601.314. AT APPROX.

      1:30 PM ON 8-30-07, WHILE ASSIGNED AS SECOND SHIFT OIC,

      I ORDERED INMATE LOGAN, JAMES #Y00683, B/M, HOUSED AT

      B-1327S, TO SUBMIT TO HANDCUFF PROCEDURES SEVERAL TIMES,

      TO WHICH HE REFUSED ALL ORDERS. THIS REPORT WAS WRITTEN IN

      ACCORDANCE WITH CHAPTER 33-601.304 F.A.C.


    REPORT WRITTEN: 08/30/07, AT 17:00   OFFICER: SAP02 - SMITH, ANDREW P.
----------------------------------------------------------------------

II.  INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: _9/7/07_ AT _9:25_


        NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES

        EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH

        NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE

        33-601, FLORIDA ADMINISTRATIVE CODE.

            DELIVERED BY : _SGT_ - _W.H._
----------------------------------------------------------------------


NOTICE TO INMATE:

AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED

CONDUCT, YOU ARE ADVISED THE FOLLOWING:
----------------------------------------------------------------------


INVESTIGATION:

AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.

DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED

OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING

THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING

OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.

SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL

HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND

TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.
----------------------------------------------------------------------


DELIVERY OF CHARGES:

A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR

TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING

PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS

YOU SIGN THE WAIVER.
----------------------------------------------------------------------

# Disciplinary Hearing Worksheet

State of Florida     Log # _JCS-17___'__     Department of Corrections

_VCC L83_    Inmate Name _Logan, Aaron_
_lation Code and Short Title_ _6-1 Disobeying Order_
_cility_ _JCS FSP_      Date Report Written _5-30-07_

_signated:_   Team ☒ Hearing Officer ☐    Telephonic Hearing: Yes ☐ No ☒

Date of Hearing _6/1/__      Time of Hearing _06:37_ AM/PM

Inmate Present: Yes ☐ No ☒; If no, Explain in Section V., Basis for Decision

Staff Assistance Offered: Declined ☒ Accepted ☐ Appointed ☐ Provided ☐ YES ☐ NO

Charge Read: Understanding Indicated; Procedures/Penalties Explained: Yes ☒ No ☐

Inmate Plea:   Guilty ☐   Not Guilty ☐   Refused to Plea ☒   No Contest ☐

Witnesses: Statement(s) Read: Yes ☐ No ☒; if No, Explain _None Presently_

_tional_ Witnesses Requested: Yes ☐ No ☒

_uested_ Witnesses Called: Yes ☐ No ☒; If No, Explain _None Requested_

_ional_ Evidence Requested: Yes ☐ No ☒

_uested_ Evidence Presented: Yes ☐ No ☒; If No, Explain _None Requested_

Findings: Dismissal ☐     Not Guilty ☐     Guilty ☒

Basis for Decision:
_Officer Andrew P Smith wrote statement
that he ordered Inmate Logan, Aaron-
DC#R00683, to submit to handcuff
procedures and inmate logan refused the
order. All attachments read & considered.
Refused to appear / refused to sign DR/WR._

VI.   Action:
☐ Loss of Gain Time _____ days _0 G.T._
☒ DC not to exceed _30_ days
☐ DC part time _____ days
☐ Suspension - Mail/Visitation/Telephone Privileges _____ days
☐ Suspension - Other Privileges _____
☐ Extra Duty during Leisure Hours _____

☐ Disciplinary Squad _____ days
☐ Individual Review and Counseling _____
☐ Confiscate Contraband _____

☐ Payment - Damages/Destroyed/Misappropriated Property $_____
☐ Loss of Unearned Gain Time _____ days; Justification _____

☐ Probation for _____ days; Specific portion of above penalties:
_____
_____

☐ Concurrent      ☒ Consecutive

Comments _____
_____
_____

INMATE PROVIDED COPY OF WORKSHEET AND WAS ADVISED OF RIGHT TO APPEAL:   ☒ YES ☐ NO

_____     _____     _____
Team Member         Team Member         Chairman/Hearing Officer

DC6-112E (Revised 3-05)     Original: Inmate File     Pink: Central Office     Canary: Inmate