FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

_Jacksonville_____ Division

2009 APR 13  PM 1:34

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

### CIVIL RIGHTS COMPLAINT FORM

_James Alexander Logan_
_Pro Se Plaintiff_

CASE NUMBER:_____
(To be supplied by Clerk's Office)

_Third Amended
Complaint_

(Enter <u>full name</u> of each <u>Plaintiff</u> and prison
number, if applicable)

v.

_Capt. A.P. Smith, Lt. R. Jo Bongan
Sgt. Michael Riley, Sgt. Darren Kenningtn
Sgt. D. Williams, Sgt. D. Lingis
c/o L. Silcox c/o T. A. Fowler,_

_Sgt. W. Goodwin
R/N T.M. Parrish
PoA-William Mathews
M.D. Victar Sekutin
c/o Brian Humphery et.
Al. each sued in their
individual capacities in
their malfeasance misconduct.(B).
Defendants are sued individual
capacties individually.© Plaintiff
alleges separate claims.(D).
Plaintiff seeks declaratory
Judgment injunctive relief and
punitive damage and
compensatory relief.
(E). Trial by jury._

(Enter <u>full name</u> of each <u>Defendant</u>. If
additional space is required, use the blank
area directly to the right).

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.  <u>PLACE OF PRESENT CONFINEMENT</u>: _Union Correction Institution_
(Indicate the name and location)

II.  <u>DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
THE FLORIDA DEPARTMENT OF CORRECTIONS</u>? Yes (X) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following
questions]

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

    1. Informal Grievance (Form DC3-005)
    2. Formal Grievance (Form DC1-303)
    3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.    Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

    1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (X) No ( )

    2. If so, you must attach a copy of the grievance and response to this Complaint form.

    3. Were you denied emergency status? Yes (X) No ( )

        a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No (X)

        b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.    Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (X)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C.   Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes (X) No ( )

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (X)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D.   Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ● No (X)(SEE)(AUSSIE V WILLETTE 224 F. 3d 95 (2nd CIR. 2000)

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___9___ day of ____APRIL____, 2_009_.

_____
Signature of Plaintiff

III.   **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (X)

If your answer is YES, answer the following questions.

A.   Is there a grievance procedure at your institution or jail?  Yes ( ) No ( )

B.   Did you present the facts relating to your Complaint in the grievance procedure?  Yes ( ) No ( )

C.   If your answer is YES:

    1.   What steps did you take? _____ N/A _____

        _____

    2.   What were the results? _____

        _____

    3.   To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.   If your answer is NO, explain why not: _____

_____


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___9___ day of ___APR1_____, 2 _009___.


_____
Signature of Plaintiff

IV.   **PREVIOUS LAWSUITS**:

A.   Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

B.   Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (X) No ( )

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): *James Alexander Laban*

Defendant(s): *James Licata sgt. Et Al*

2.   Court (if federal court, name the district; if state court, name the county): *United States district court Middle district Ft. myers*

3.   Docket Number: *2:02-cv-285-Ftm-29 dnf*

4.   Name of judge: *Sheri Polster chappell*

5.   Briefly describe the facts and basis of the lawsuit: *Excessive force*

6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?): *Denied*

7.   Approximate filing date: *February 2002*

8.   Approximate disposition date: *April 19 2007*

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style,

and the disposition of each case:

N/A, other cases filed 3:08-cv-993 J-12-JRK still pending under Appeal # 08-16416-FF 11th. CIR. 3:08-cv-1126 J-34 JRK dismissed, 2:01-cv-588-Ftm-29dnf dismissed, 2:02-cv-184 Ftm-29dnf dismissed, 3:07-~cv-1156-J-32 JRK ~~pending~~ Additionally # 2:06-cv-335-Ftm-99 JPC pending. see also 3:08-cv-1156-MMH-JRK dismissed.

**V.    PARTIES:** In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: James Alexander Logan # Y00683

   Mailing address: Union Correction Post. 7819 N.w. 228th St. Raiford, Fl 32026

B. Additional Plaintiffs: _____

   _____

   _____

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Andrew P. Smith

   Mailing Address: Florida State Prison 7819 N.w. 228th St. Raiford, Fl 32026

   Position: Captain

   Employed at: Florida State Prison

D. Defendant: R.P. Barban

   Mailing Address: Florida State Prison 7819 N.w. 228th St. Raiford, Fl 32026

   Position: Lieutenant

Employed at: _FLORIDA STATE PRISON_

E. **Defendant:** _Michael Riley Sgt._

   **Mailing Address:** _Florida State Prison 7819 N.w. 228th St. Raiford, Fl 32026 last address known_

   **Position:** _now Lt. At charlotte c.i. or F.S.P._

   **Employed at:** _charlotte c.i. or F.S.P. to my knowledge._

F. **Defendant:** _Darren Kennington- transfer to_

   **Mailing Address:** _Union correction Inst. 7819 N.w. 228th st. Raiford, Fl 32026_

   **Position:** _Sergeant_

   **Employed at:** _Union c.i._

G. **Defendant:** _D. Williams_

   **Mailing Address:** _Florida State Prison 7819 N.w. 228th st. Raiford, Fl 32026_

   **Position:** _Sergeant_

   **Employed at:** _Florida State Prison_

H. Defendant _T.L. Silcox_
   Mailing Address. Florida State Prison
   7819 N.w. 228th St.
   Raiford, Fl 32026
   Position. Officer
   Employed At. Florida State Prison

I. Defendant: BRAIN HUMPHERY
Mailing Address: Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: Officer
Employed At: Florida State Prison

J. Defendant: D. Lindis
Mailing Address: Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: Serdeant
Employed At: Florida State Prison

K. Defendant: W. Godwin
Mailing Address: Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: Serdeant
Employed At: Florida State Prison

L. Defendant: T. A. Fooler
Mailing Address: Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: Officer
Employed At: Florida State Prison

M. Defendant: M.D. Victor Selrutin
Mailing Address Use to be - Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: Medical Doctor
Employed At: Use to be - Florida State Prison

N. Defendant: William Mathews
Mailing Address: Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: P. A.
Employed At: Florida State Prison

O. Defendant: T. N. Parrish
Mailing Address: Florida State Prison
7819 N.W. 228th St. Raiford, Fl 32026
Position: R/N
Employed At: Florida State Prison

**VI.**   **STATEMENT OF CLAIM:**  State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

All named Defendant(s) violated Plaintiff 8th 14th U.S. constitutions and committed assault and battery under 725.803-4. 944.35. and 768.28 F.S. and violated d.o.c Rules under chapter 33-208.0028. and 208.003.24. section.

**VII.**   **STATEMENT OF FACTS:**  State as briefly as possible the FACTS of your case. Describe how each defendant was involved.  **Do not make any legal arguments or cite any cases or statutes.**  State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

(SEE) Nussle V Willette 224 F. 3d 95 (2nd cir. 2000) Grievance of a sensitive nature: excessive use of force I am bypassing the informal grievance level due to the nature of this complaint. On August 30 2007 at approximately 10:25 A.M. I inform the wing officers sgt. W. Godwin and officer Fowler that I was feeling depress and suicidal and in dire to see my psyche doctor but to no avail. then on said date at approximately 1:20 p.m. capt. A.P. smith and Lt. Bonsall came to my cell (B132?) and I advised them that I need to see my psyche doctor, because I was feeling depress and suicidal but to no avail.

**Statement of Facts, continued:**

I then commence lighting toilet PAPERS and threwing serveral PIECES IN the hallway in front of my cell and attempted suicide by hanging myself and thats when sgt. D. Lingis sprayed the fire extingisher into my cell, but there was no fire within my cell. During this time capt. A. P. smith and Lt. R. J. Bonsall had departed from my cell and returned at 1:34 p.m. with the cell extraction team. the capt. A. P. smith order officer Fowler to open my cell door and after he complied, the team sgt. Bennington, sgt. williams, sgt. Riley, c/o J. L. silcox c/o humphery entered my cell threw me to the floor after I was on the floor they placed handcliffs on my wrists and said officers commence pounching me in my face, head, while other commence kicking me in the sides and back and I was hollering and screaming out in pain that I am not resisting numerous times. capt. A. P. smith and Lt. Bonsall standby and watched the cell extraction team physical abused me while restainted and fail to intervene their officers misconduct but incited those officers misconduct knowingly that they was violating my 8th and 14th Amendments And violating, d. o. c. Rules, policy, and procedures under chapter 33-208.002.8. and 208.003.24.

Continuation of Statement of Facts:

And 33-602.210 policy during these events, the incidents was not videotaped during the assaults. Inmates Mays Ronald #319773 cell (B1328) and Inmate Scurry Michael #426089 cell (B1311) is witnesses to said assault and battery which violated 725.803-4. 944.35. 76.8.28. F.O.S. And I sustained extreme swelling to the left and right side of my face and back of my head and extreme pain to both ribcages and lower back. Thereafter I was escorted from my cell (B1327) to medical department still restrained and when I entered the emergency room said officers commence pounching me again repeatedly in my face, head, and threw me to the floor on my right shoulder which became dislocated and one of the officer placed a (spit shield) over my face after said officers cease from abusing me to conceal the physical injuries I sustained from the assaults. I was then aggressively snatched up off the floor which causes my right shoulder to be relocated. I was examining by Nurse T.A. Parrish and M.D. Victor Selyutin who watched me get physical abused and both medical personnels (fail to intervene) the officers misconduct and they both fail to proper examining me and all sustained injuries and they fail to removed the (spit shield) from over my whole head and face to examining said injuries but wrote in my medical record (no injuries) sustained. After said events I was escorted from medical back to my cell (B1327). During these assaults incidents there were was no (camcorde cameras) was utilized in accordance with 33-602.210. policy. For relief I requests that B-wing 3rd floor cameras v videotapes be included into this investigation to fully substantiate all allegations herein and that criminal charges be filed against said officers for my physical and emotional injuries sustained from the assault from the excessive use of force which was done maliciously and sadistically to cause harm to physical which violated my 8th and 14th consti-

9.(B)

## STATEMENT OF CLAIMS.

(1). Defendant Andrew P. Smith actions in using
physical force against plaintiff without need or
provocation or in exercising excessive force were
done maliciously and sadistically and constituted
cruel and unusual punishment in violation of the
8th amendment of the U.S. constitution.

(2). the actions of Defendant D. Kennington in using
physical force against plaintiff without need or
provocation or justification whiles plaintiff was
restrainted was done with maliciously and sadistically
an intent to injury plaintiff and cause harm and
constituted cruel and unusual punishment in violation
of the 8th amendment of the U.S. constitution
and part 13th and 14th amendments.

(3). the actions of Defendant M. Riley in using
physical force against plaintiff without need or
provocation or justification whiles plaintiff was
restrainted was done with maliciously and
sadistically an intent to injury plaintiff and
cause harm and constituted cruel and unusual
punishment in violation of the 8th amendment
of the U.S. constitution and part 13th and 14th
amendments.

(4). the actions of Defendant R. L. Bonsall in using
excessive physical force upon plaintiff without
need or unprovoked violated plaintiff rights
under the 8th amendment of the U.S. constitution
acted with malicious and sadistic in an effort
to injury plaintiff.

STATEMENT OF CLAIMS CONTINUATION.

(5). the actions of Defendant J.L. Silcox in using physical force against plaintiff without need or proudcation was done maliciously and sadistically to inijury plaintiff constituted cruel and unusual punishment in violation of the 8th amendment of the u.s. constitution and part 13th and 14th amend

(6). the actions of Defendant B. Humphery in using excessive physical force upon plaintiff without need or unprovoked violated plaintiff rights under the 8th amendment of the u.s. constitution acted with malicious and sadistic in an effort to inijury plaintiff.

(7). the actions of Defendant D. Williams in using physical force against plaintiff without need or provocation or justification whiles plaintiff was restrained was done with maliciously and saduitically an intent to inijury plaintiff and cause harm and constituted cruel and unusual punishment in violation of the 8th amendment of the u.s. constitution and part 13th and 14th

(8). the actions of Defendant D. Lingis in using excessive physical force upon plaintiff without need or un provoked violated plaintiff rights under the 8th amendment of the u.s. constitution acted with malicious and sadistic in an effort to inijury plaintiff.

(9). the actions of Defendant T.A. Fowler in using excessive physical force upon plaintiff without need or unprovoked violated plaintiff rights under the 8th amendment of the u.s. constitution acted with malicious and sadistic in an effort to inijury plaintiff.

STATEMENT OF CLAIMS CONTINUATION

(10). the actions of Defendant W. goodwin using excessive Physical force upon Plaintiff without need or unprovoked violated Plaintiff rights under the 8th amendment of the U.S. constitution acted with malicious and sadistic in an effort to in jury Plaintiff.

(11). the actions of Defendant T.M. Parrish in using Physical force against Plaintiff without need or provocation or justification whiles Plaintiff was Restrainted was done with maliciously and sadistically and intent to injury Plaintiff and cause harm and constituted cruel and unusual punishment in violation of the 8th amendment of the U.S. constitutions and Part 13th and 14th, for failing to intervene.

(12). the actions of Defendant Victor selyutin in using excessive Physical force upon Plaintiff without need or unprovoked violated rights under the 8th amendment of the U.S. constitutions acted with malicious and sadistic in an effort to injury Plaintiff by failing to intervene.

(13). the actions of Defendant William mathews in failing to Proper examining Plaintiff and failing to documents all (sustained injuries) from the "attack" Plaintiff suffer constituted deliberately medical indifference in violation of Plaintiff 8th amendment and 14th of the U.S. constitution acted with malicious and sadistic in an effort to injury Plaintiff.

P. 3

SECOND STATEMENT OF CLAIMS.

(14). the Actions of Defendant ▓▓▓▓ W. Colwill and Fowler in using Physical Force Against Plaintiff without need or Provocation constituted the tort's of Assault and battery under 775.803-4 and 944.35. and 768.28. F.S. by failing to intervene.

(15). the Actions of Defendant T. M. Parrish and Mud. Victor Selyutin in using Physical Force Against Plaintiff unProvoked constituted the tort of Assault and battery with Neligence under 775.803-4 944.35. and 768.28.F.S. by failing to intervene.

(16). the Actions of Defendant A.R.Smith and R.W. Bonsall in using Excessive Physical force upon and Against Plaintiff without need or unProvoked constituted the tort of Assault and battery under 775.803-4. And 944.35. 768.28. F.S

(17). the Actions of Defendant M. Riley and D.Kennington in using Excessive Physical force upon and Against Plaintiff unProvoked constituted the tort of Assault and battery with Neligence under 775.803-4 944.35. 768.28. F.S.

(18). the Actions of Defendant G.L.Silcox and B.Humphery in using Excessive Physical force upon and Against Plaintiff without need or Provocation constitutes the tort of Assault and battery under 775.803-4 944.35. And 768.28. F.S. Neligence

(19). Defendant D.Williams and D.Linois Actions in using Excessive Physical force upon And Against Plaintiff unProvoked constituted the tort of Assault and battery with Neligence under 775.803-4. 944.35 And 768.28.F.S.

(20). Defendant P. A. William Natheus Actions in using Excessive Physical force Against Plaintiff without need or Provocation constitutes the tort of Assault and battery under 775.803-4. 944.35. 768.28. Act in bad faith gross Neligence in violation of Plaintiff 8th and 14th Constitutions under deliberately Medical indifference By failing to document All Plaintiff injuries.

P. 4

SECOND STATEMENT OF CLAIMS CONTINUATION:

THE DEFENDANT(S) ACTIONS VIOLATED PLAINTIFF RIGHTS TO (EQUAL PROTECTION) IN VIOLATION OF PLAINTIFF 14th AMENDMENT RIGHTS WHEN USED EXCESSIVE FORCE AGAINST PLAINTIFF DELIBERATELY WITH DISREGARD AND GROSS SADISTIC AND MALICIOUS INTENT TO CAUSE HARM TO PLAINTIFF.

DEFENDANT(S) ACTIONS WERE OUTSIDE OF THEIR EACH EMPLOYEMENT AND IN VIOLATION OF THE DEFENDANTS OWN RULES, POLICY WHILE ACTING OUTSIDE THE SCOPE OF THEIR EACH EMPLOYEMENT ARE (SUED EACH IN THEIR INDIVIDUAL CAPACITIES INDIVIDUALLY.)

P. 5

VIII.  <u>RELIEF REQUESTED</u>:  State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

_PLEASE REVIEW_

_CONTINUANIDO RELIEF PAPERS_

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this ___9___ day of ___APRIl___, 2_009_.

_JAMES ALEXANDER LOGAN #_
_JDD683_
_LeNIAN C. C._
_7819 N.W. 228th St._
_RAIFORD, Fl 32026_

(Signatures of all Plaintiffs)

## RELIEF REQUESTED:

FOR RELIEF, Plaintiff requests the court do the following: (1). Issue a declaratory Judgement stating that defendants actions violated Plaintiff 8th Part 13th And 14th Amendment rights and that defendants actions constituted an Assault and battery under state law. (2). State and Federal criminal indictments against each defendants. (3). 100.000. in damages each defendants for Plaintiff Physical injuries and emotional ___ injuries. (4). 150.000. in damages against defendant and Jointly for Plaintiff physical injuries. (5). Order defendants to cover the costs of Plaintiff medical needs as a result from the attack and pay All court fees and attorney fees.

Defendant A. P. Smith are sued 100.000. for Plaintiff physical injuries and emotional injuries in violation of Plaintiff 8th Part 13th And 14th of the U.S. constitution are sued in his individual capacities, failing to intervene his officers misconduct under color of state law.

Defendant R. L. Bonsall are sued 100.000. for Plaintiff physical injuries and emotional injuries in violation of Plaintiff 8th Part 13th And 14th of the U.S. constitution are sued in his individual capacites, failing to intervene his officers misconduct under color of state law.

Defendant Michael Riley are sued 100.000. for Plaintiff physical injuries and emotional injuries in violation of Plaintiff 8th and 14th constitution of the U.S. constitution are sued in his individual capacities under color of state law.

RELIEF REQUEST CONTINUATION

DEFENDANT D. KENNINGTON ARE SUED 100.000. FOR PLAINTIFF PHYSICAL INJURIES AND EMOTIONAL INJURIES IN VIOLATION OF PLAINTIFF 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN his INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT D. WILLIAMS ARE SUED 100.000. FOR PLAINTIFF PHYSICAL INJURIES AND EMOTIONAL INJURIES IN VIOLATION OF PLAINTIFF 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN his INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT U.L. SILCOX ARE SUED 100.000. FOR PLAINTIFF PHYSICAL INJURIES AND EMOTIONAL INJURIES IN VIOLATION OF PLAINTIFF 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN his INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT B. HUMPHERY ARE SUED 100.000. FOR PLAINTIFF PHYSICAL INJURIES AND EMOTIONAL INJURIES IN VIOLATION OF PLAINTIFF 8th AND 14th OF THE U.S. CONSTITUTION ARE SUED IN his INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT D. LINDIS ARE SUED 100.000. FOR PLAINTIFF PHYSICAL INJURIES AND EMOTIONAL INJURIES IN VIOLATION OF PLAINTIFF 8th AND 14th OF THE U.S. CONSTITUTION ARE SUED IN his INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

RELIEF REQUESTED:

1) DEFENDANT W. BALDWIN ARE SUED 100.000 FOR Plaintiff PHYSICAL INJURIES AND EMOTIONAL INJURIES for failing to INTERVENE IN VIOLATION OF Plaintiff 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN HIS INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT T. FOWLER ARE SUED 100.000 FOR Plaintiff PHYSICAL INJURIES AND EMOTIONAL INJURIES FOR failing to INTERVENE IN VIOLATION OF Plaintiff 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN HIS INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT M.D. VICTOR SELYUTIN ARE SUED 100.000. FOR Plaintiff PHYSICAL INJURIES AND EMOTIONAL INJURIES FOR failing to INTERVENE AND FOR failing to DOCUMENT ALL SUSTAINED INJURIES Plaintiff SUSTAINED IN VIOLATION OF Plaintiff 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN HIS INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT WILLIAM MATHEWS ARE SUED 100.000. FOR Plaintiff PHYSICAL INJURIES AND EMOTIONAL INJURIES FOR failing to DOCUMENT ALL Plaintiff PHYSICAL INJURIES ACT IN BAD FAITH GROSS NEGLIGENCE IN VIOLATION OF Plaintiff 8th AND 14th CONSTITUTION OF THE U.S. CONSTITUTION ARE SUED IN HIS INDIVIDUAL CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT(S) ARE SUED 150.000. EACH AND JOINTLY FOR Plaintiff PHYSICAL ▬▬▬ AND EMOTIONAL INJURIES IN DAMAGES IN THEIR INDIVIDUALLY CAPACITIES UNDER COLOR OF STATE LAW.

DEFENDANT(S) ACT UNDER COLOR OF STATE LAW AT THE TIME OF THESE CONSTITUTIONS VIOLATIONS AND THEY CONTINUED TO ACT UNDER COLOR OF STATE LAW.

RESPECTFULLY
SUBMITTED
By James Logan
JAMES A. LOGAN #V00683
UNION CORRECTION Inst.
7819 NW 228th St.
RAIFORD, Fl 32026

10.2

# Table of Contents

Exhibit (A) Decleared Statement From Inmate Michael Scurry. # Y2L089

Exhibit (B). Decleared Statement From Inmate James Alexander Loḋan # Y00L83

Exhibit (C). Maya Ronald C. # 319443 Decleared Statement.

Statement of Facts On P. 8-9 (B).

Statement of Claims On P. 1-5.

Relief Requested On P. 10.A - 10.D.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Exhibit (A)

JAMES ALEXANDER LOGAN,
Inmate # Y00683
             Plaintiff,

DECLARATION

(MICHAEL J. SCURRY)

V.

CASE NO:_____

CAPTAIN ANDREW P. SMITH, ET AL.,
            Defendants.

Michael J. Scurry hereby declares:

On 8-30-07 at or about 1:35 p.m. I observed Captain Smith order inmate Logan to submit to the handcuff procedures in which inmate Logan were attempting to explain his mental health instabilities. Moments after Captain Smith left down stairs to form the cell extraction squad, Lt. ████████ and Sgt. Lingis approached inmate Logan's cell door (B-1337). While knowing that there wasn't a fire to be extinguished, Lt. Bonsall ████ made a pretense, as if there was a live fire in said cell and told Sgt. Lingis to spray inmate Logan with the fire extinguisher. Within mere seconds Captain Smith reappeared accompanied by the cell extraction squad. After a brief pause to allow most of the fog to dissipate Cpt. Smith gave the order for C/O Fowler to open cell B-1337 where inmate Logan is housed. At that time I observed inmate Logan lie down on his stomach in the center of said cell so as to submit to the handcuff procedure. Immediately after being cuffed & shackled, all five extracting officers began to viciously punch, knee and kick inmate Logan everywhere. Perhaps a minute or two later, they half dragged-half carried inmate Logan out of cell. It should be noted that inmate Logan's face was completely covered with blood. Also after inmate Logan was dragged to medical I was able to identify one of the extracting members (who I observed doing the kicking) as being one Sgt. Riley.

I declare under penalty of perjury that the foregoing Statement is true and correct. Executed at Raiford, Florida on August 30, 2007.

_____ Sr.
Signature

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Exhibit (B)

JAMES ALEXANDER LOGAN          DECLARATION
INMATE # Y00683                JAME A. LOGAN

            Vs               CASE A/D
CAPTAIN ANDREW P. SMITH
     DEFENDANT(S) ET AL.

      JAMES ALEXANDER LOGAN, HEREBY DECLARES:
ON AUGUST 30, 2007, AT APPROXIMATELY 1:20 P.M. I
WAS SPRAYED WITH A FIRE EXTINGISHER by SGT. D.
LINDIS AT THE Lt. R. J. BONSALL ORDER KNOWING
THERE WASN'T NO LIVE FIRE IN MY CELL. I
WAS SPRAYED WHILE "ATTEMPTING TO HANG" MYSELF
IN (B13275) AFTER I WAS SPRAYED CAPT. SMITH AND
Lt. R. J. BONSALL BOTH LEFT. AT APPROXIMATELY 1:34 P.M.
CAPT. A. P. SMITH AND Lt. BONSALL CAME BACK WITH
THE CELL EXTRACTION TEAM WITH NO CAMERA. ALL
THIS HAPPEN AFTER I INFORM SGT. GOODWIN AND
OFFICER FOWLER AT 10:25 A.M. THAT I NEEDED A
PSYCHE EMERGENCY BECAUSE I WAS FEELING
DEPRESS AND SUICIDAL AND IN DIRE NEED TO SEE
MY PSYCHE DOCTOR TO NO AVAIL SO AT 1:34 P.M.
CAPT. A. P. SMITH AND Lt. R. J. BONSALL CAME WITH
THE CELL EXTRACTION TEAM. CAPT. A. P. SMITH ORDER
C/O FOWLER TO OPEN MY CELL DOOR AND AFTER
C/O FOWLER COMPLIED, THE TEAM, SGT. N. RELEY AND
SGT. D. HENNINGTON, SGT. D. WILLIAMS, C/O HUMPHERIS AND

I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING STATEMENT IS TRUE AND CORRECT
EXECUTED AT RAIFOR FLORIDA ON AUGUST 30, 2007.

                        James Logan
                        SIGNATURE

P. 1.

CONTINUATION OF INMATE JAMES A. LEE AFFIDAVIT DECLARATION
STATEMENT.

c/o J.L. Wilcox entered my cell, threw me to
the floor, placed handcuffs on my wrists and
said officers commence pounching me in my
face and head while other commence kicking
me in the sides and back, I was hollering and
screaming out in PAIN that I wasn't RESISTING
Numerous times. Capt. A.P. Smith and Lt. R.J. Bonsall
stoodby and watched the cell extraction team
physically abused me while RESTRAINTED and
(failed to intervene) to stop their misconduct.
During these EVENTS of ASSAULTS there was
NO CAMCORDER CAMERA videotaping these incidents
Inmates MAYS, Ronald C. DC# 319443 and SCURRY,
Michael J. DC# Y26089 is witnesses to said
assaults and battery and I sustained extreme
swelling to the left and right side of my
face and the back of my head and extreme
PAIN to both ribs and back. thereafter I was
escorted from my cell to medical dept.
and when I entered the EMERGENCY ROOM,
said officers commence pounching me again
REPEATEDLY in my face and head and threw
me to the floor on my RIGHT shoulder which was
Dislocated. When said officers cease abusing me
they AGGRESSIVELY snatched me up off the floor,
my RIGHT shoulder was relocated and one of the
officer placed a spit shield over my head to
conceal the head and face injuries I sustained
I was examined by NURSE I. M. PARRISH who had
watched me get PHYSICAL abused and failed to
INTERVENE and doctor V. SELYUTIN and both medical
PERSONNEL did not REMOVE the spit shield from
over my face and head completely to examine said
injuries sustained. but wrote in my MEDICAL
RECORDS "ND" injuries sustained AFTER said
EVENTS I was escorted back from MEDICAL back
to my cell (B1327) on B-wing during the entire
ASSAULT incidents NO CAMCODE CAMERA was
utilized in ACCORDANCE with CHAPTER 33-602.210.
POLICY.

DATED 8-30-07

RESPECTFULLY
Submitted
S/James Lee
JAMES A. LEE
DC# Y00683
Florida State Prison
7819 N.W. 228th St.
Raiford, Fl 32026

P.1. of 2.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JAMES ALEXANDER LOGAN,
Inmate # Y00683
       Plaintiff,

V.

CAPTAIN ANDREW P. SMITH, ET. AL.,
       Defendants.

DECLARATION EXHIBIT (c)

( RONALD CURTIS MAYS )

CASE NO. _____

Ronald Curtis Mays hereby declares:

On August 30, 2007 at or about 1:34 p.m., I, Ronald Curtis Mays DC# C-319443, was assigned to Cell # B-1328 S at Florida State Prison, was standing to my cell door when I observed Captain A.P. Smith and Lieutenant Bonsall ▇▇▇▇▇▇ with the Cell Extraction Team, approached Inmate Logan, James, DC# Y00683, Cell (B-1327 S) door. Captain A.P. Smith ordered Officer Fowler to roll open Cell B-1327. Once the cell was open, the Cell Extraction Team entered Inmate Logan's cell with the Shield. While the Team was in said cell, I heard Inmate Logan commence hollaring out in pain and Captain A.P. Smith stated", Stop Resisting!" Inmate Logan stated numerous time," I am not resisting!" The Team was in Inmate Logan's cell between 4 to 10 minutes and when they finally brought Inmate Logan out of the cell, I notice the left side of his face was extremely swollen and he was covered with the content from the Fire Extinguisher.

I declare under penalty of perjury that the foregoing statement is true and correct. Executed at Raiford, Florida on August 30, 2007.

                       Ronald Curtis Mays
                       SIGNATURE

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☒ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From: LOGAN       JAMES        Y00683       UNION C.T.
      Last    First   Middle Initial    Number        Institution

"AMENDED COMPLAINT:

### Part A – Inmate Grievance

(SEE) NUSSLE V. WILLETTE 224 F.3d 95 (2nd CIR. 2000)
GRIEVANCE OF A SENSITIVE NATURE: EXCESSIVE USE OF FORCE
I AM bypassing the informal grievance level due to the nature
of this complaint. On AUGUST 30, 2007, at APPROXIMATELY 10:25 A.M.
I informed the wing officers sgt. W. Bolwin and officer
Fowler that I was feeling depress and suicidal and in
dire need to see my psyche doctor but to no avail.
then on said date approximately 1:20 P.M. capt. A.P. smith
And Lt. R.J. bonsall came to my cell (B-1327) and I advised
them that I need to see my psyche doctor, because
I was feeling depress and suicidal but to no avail.
I then commence lighting toilet paper and threw several
pieces in the hallway in front of my cell and
attempted suicide by hanging myself and thats
when sgt. Lingis sprayed the fire extingsher
into my cell, but it was not no fire within my cell.
during this time capt. A.P. smith and Lt. R.J. Bonsall
had departed from my cell and returned at APPROX 1:34 P.M.
with the cell extraction team. the capt. A.P. smith
order officer Fowler to open my cell door and after
he complied the team sgt. Kennington, sgt. Williams,
sgt. Michael Riley, c/o J.L. silcox, c/o Brian Humphery entered
my cell, threw me to the floor, placed handcuffs on my
wrists and said officers commence pounching me in my
face and head while other commence kicking me in the
side and back and I was hollering and screaming out in

7-13-09
DATE

SIGNATURE OF GRIEVANT AND D.C. #
James Logan  Y00683

**SEE ATTACHED**
**RESPONSE**

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:  0 / James Logan
                                                                        #        Signature

**INSTRUCTIONS**

pain that I was not resisting numerous times. Capt. A. P. Smith and Lt. Bonsall standby and watched the cell extraction team physical abused me while restrainted and fail to intervene their officers misconduct, but incited those officers misconduct knowingly that they was violating my 8th amendment and 14th and violating D.O.C. own rules policies and procedures under chapter 33-208.002(8)- and 33-208.003.24- and 33-602.210 rule. during these events, the incidents was not video taped, inmates Mays, Ronald c. dc# 319443 cell(B1328) and inmate Scurry Michael DC# YZ6089 cell(B1311) is witnesses to said assault and battery which violated 775.803-4. 944.35. and 768.28. F.S. and I sustained extreme swelling to the left and right side of my face and back of my head and extreme pain to both ribcages and lower back. thereafter I was escorted from my cell B1327 to medical department still restrainted and when I entered the emergency room said officers commence punching me again repeatedly in my face, head, and threw me to the floor on my right shoulder which became dislocated and one officer placed a (spit shield) over my face, after said officers cease abusing me to conceal the physical injuries I sustained from the assaults. I was then aggressively snatched up off the floor which cause my right shoulder to be relocated. I was examining by nurse T. W. Parrish and M.d. Victor Selyutin who watched me get physical abused and both medical personnel fail to intervene the officers misconduct and they both fail to proper examined an sustained injuries and fail to removed the spit shield from over my whole head and face to examined said injuries but wrote in my medical records (no injuries)' sustained.' After said events I was escorted from medical back to b-wing and placed back into my cell(B1327)- during these assaults incidents there were (no calicarde (cameras) was utilized in accordance with 33-602.210. policy. for relief I requests that b-wing 3rd floor cameras videos tapes be included into the investigation to fully substantiate all allegations herein and that criminal charges be filed against said officers for my physical and emotional injuries sustained as a result from the excessive use of force,' which was done maliciously and sadistically to cause me physical harm which violated my 8th and 14th constitutions. sincerely <u>Jerry</u>

**PART B - RESPONSE**

| LOGAN, JAMES | Y00683 | 0901-213-127 | UNION C.I. | U4204L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

This issue was previously reported to the office of the inspector general for appropriate review and disposition. If the allegations are substantiated, appropriate action will be administered by the office of the inspector general.

As this issue was previously reported, your grievance is denied.

You have fifteen days to appeal this decision to:
Bureau of Inmate Grievance Appeals
2601 Blair Stone Road
Tallahassee, FL 32399-2500

P. Jenkins                              M. Hicks

_____          _____          _1-23-09_
SIGNATURE AND TYPED OR PRINTED NAME          SIGNATURE OF WARDEN, ASST. WARDEN, OR          DATE
OF EMPLOYEE RESPONDING          SECRETARY'S REPRESENTATIVE

COPY DISTRIBUTION -INSTITUTION / FACILITY          COPY DISTRIBUTION - CENTRAL OFFICE

(2 Copies) Inmate          (1 Copy) Inmate

(1 Copy) Inmate's File          (1 Copy) Inmate's File - Inst./Facility

(1 Copy) Retained by Official Responding          (1 Copy) C.O. Inmate File

          (1 Copy) Retained by Official Responding



MAILED
JAN 26 2009
UCI GRIEVANCE OFFICE

MAILED / FILED
WITH AGENCY CLERK

NOV 5 2007·

Department of Corrections
Bau of Inmate Grievance Appc·

**PART B - RESPONSE**

| LOGAN, JAMES | Y00683 | 07-6-25236 | (205) FSP - MAIN UNIT | B1327S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

Please be advised that you can not use the grievance process for monetary gain.

In addition, the institution was contacted and they provided this office with information regarding the issues you presented.

It is determined that the response made to you by Dr. Selyutin on 9/19/07 appropriately addresses the issues you presented.

It is the responsibility of your Chief Health Officer to determine the appropriate treatment regimen for the condition you are experiencing.

Specialty consults are ordered by your Chief Health Officer when in his judgment a medical need is presented.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.


CONFIDENTIAL
THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THIS
ADDRESSEE ONLY.  UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW

Pilar Tournay, IISC

| | | 10/30/07 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Continuation of 2:

not document said injuries in my Medical Records. Due to said Physician William Mathews failure to provide me adequate Medical Care to my Serious Medical Needs, Constituted deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

Please note for the Records(s) that I did not fall and hit my head on anything and I sustained all injuries from said Correctional Officers fists and feet. Furthermore, Physician William Mathews have a history of falsifying Medical Records, Submitting fraudulent and misleading Statement(s) in an attempt to Conceal the Correctional Officers' assaultive misconduct.

For relief, I requests that I be examined by an Outside Specialist due to Medical Staff(s) attempting to cover up said Officers' misconduct and that I be compensated in the amount of $75,000 in damages due to Physician William Mathews' wrongful acts or omissions.

Signature : James A. Logan
DC# : Y00683
Date : 9\24\07

**1327**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

*B138*

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

**RECEIVED**
SEP 06 2007
FSP MEDICAL DEPARTMENT

TO: ☑ Warden      ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections

From: **Logan, James**            **Y00683**            **Florida State Prison**
   Last   First   Middle Initial           Number              Institution

---

**Part A – Inmate Grievance**

Grievance of a Medical Nature ; Denial of Medical Care
I am filing this Complaint in accordance with Chapter
33-103.006(3)(e) and 33-103.008, F.A.C. On August 31,
2007 at approximately 6:00 a.m., I informed Sergeant M.
Hall that I was declaring a Medical Emergency due to
the injuries I received on 8/30/07 by the Cell Extraction
Team when they physically abused me while I was hand-
cuffed and Shackled. On said date at approximately
6:12 a.m., a male Nurse (Unknown) came to my Cell door
and after he examined my face, he asked me what
happened to me in which I told him about the Excess-
ive Use of Force that occurred on 8/30/07. Said Nurse
advised me that he would have Security Staff(s) pull me
out to go to Medical Department. Well, on said date at
approximately 8:40 a.m., I was placed in full restraints
and escorted from my Cell (B-1327 S) to Medical Department
and during the examination by Doctor E. Madan, I
informed him of all injuries I sustained on 8/30/07
by the Cell Extraction Team. Doctor E. Madan had
acknowledge that both side of my face was Swollen,
back of my head Swollen, and both ribs was bruised
and Said Doctor did not provide me any form of
Medical Treatment whatsoever and did not document
Said injuries in my Medical Records. Due to Doctor
Madan failure to provide me adequate Medical Care

_8/31/07_
DATE

_James Logan_ # Y00683
SIGNATURE OF GRIEVANT AND D.C. #

0709-205-032

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ⊗ / DO NOT AGREE
                                                                      #      Signature

SEE ATTACHED
RESPONSE
INSTRUCTIONS

Continuation sheet:

to my Serious Medical needs, Constituted deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

For relief, I requests that I be examined by a Outside Specialist due to the fact that Medical Staff is attempting to cover up said Officers' misconduct and that I be compensated in the amount $75,000 in damages due to Doctor E. Madan's wrongful acts or omissions.

Signature: James Logan
DC#: Y00683
Date: 8\31\07

RECEIVED
SEP 06 2007
FSP MEDICAL DEPARTMENT

**PART B - RESPONSE**

| LOGAN, JAMES | Y00683 | 0709-205-082 | (205) FSP - MAIN UNIT | B1327S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAWS.

In response to your Formal Grievance 0709-205-082, dated 9/06/07, the information you provided has been reviewed.
Review of your medical record indicates you were seen by nursing at 06:20 a.m. and that you had a possible hematoma
to the right side of your head and you stated you had headaches since your injury of 08-30-07. It is further stated you
advised medical that after setting cell contents on fire, during an attempt to extinguish the fire and evacuate your cell that
you hit your head on something (object unknown). You were seen by Mr. Mathews, not Dr. Madan on 8-31-07 at which
time all your physical systems were evaluated and the only treatment medically indicated was the washing out of your
right ear until clear. You were told to take Tylenol available on the Wings, when needed. The only sick call you had since
was on 9-05-07 with regards to your right ear and you already have an appointment set to address that issue. There has
been no deliberate indifference and any outside referral will be at the decision of your current institutional physician.
Presenting and verified medical signs and symptoms have been appropriately treated. Based on the above, your
grievance is denied.

GRIEVANCE IS HEREBY DENIED.  Should you elect to obtain further administrative review, you may do so by obtaining
Form DC1-303, Request for Administrative Remedy or Appeal to the Bureau of Inmate Grievances, 2601 Blairstone
Road, Tallahassee, FL, 32399-2500 within the specified time frame.

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

MAILED
SEP 21 2007
FCC GRIEVANCE OFF

```
           FLORIDA DEPARTMENT OF CORRECTIONS        09/04/2007
ISS0150 (01)      CHARGING DISCIPLINARY REPORT                    PAGE:      1
                  LOG # 205-072773
---------------------------------------------------------------------
DC#: Y00683   INMATE NAME: LOGAN, JAMES A.          INFRACTION
VIOLATION CODE:  0061   TITLE: DISOBEYING ORDER     DATE: 08/30/07
FACILITY CODE:  205    NAME: FLORIDA STATE PRISON   TIME: 13:30
---------------------------------------------------------------------
```

I.   STATEMENT OF FACTS
     INMATE LOGAN, JAMES IS BEING CHARGED WITH 6-1 DISOBEYING
     ORDER, RULE OF PROHIBITED CONDUCT 33-601.314. AT APPROX.
     1:30 PM ON 8-30-07, WHILE ASSIGNED AS SECOND SHIFT OIC,
     I ORDERED INMATE LOGAN, JAMES #Y00683, B/M, HOUSED AT
     B-1327S, TO SUBMIT TO HANDCUFF PROCEDURES SEVERAL TIMES,
     TO WHICH HE REFUSED ALL ORDERS. THIS REPORT WAS WRITTEN IN
     ACCORDANCE WITH CHAPTER 33-601.304 F.A.C.


     REPORT WRITTEN: 08/30/07, AT 17:00   OFFICER: SAP02 - SMITH, ANDREW P.
---------------------------------------------------------------------

II.  INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: _9/7/07_ AT _9:25_


        NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
        EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
        NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
        33-601, FLORIDA ADMINISTRATIVE CODE.

            DELIVERED BY : ___SGT___ - ___W.H.___
---------------------------------------------------------------------


NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING:
---------------------------------------------------------------------


INVESTIGATION:
AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.
---------------------------------------------------------------------


DELIVERY OF CHARGES:
A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
YOU SIGN THE WAIVER.
---------------------------------------------------------------------

# Disciplinary Hearing Worksheet

State of Florida                                    Log # _____                                    Department of Corrections

Inmate Name _Logan, Aaron_

Violation Code and Short Title _____

Facility _UCI FSP_                          Date Report Written _S-30-07_

Designated:   Team ☒   Hearing Officer ☐     Telephonic Hearing: Yes ☐ No ☒

Date of Hearing _____          Time of Hearing _OL 37_ AM/PM

Inmate Present: Yes ☐ No ☒; if no, Explain in Section V., Basis for Decision

Staff Assistance Offered: Declined ☒ Accepted ☐  Appointed ☐  Provided ☐ YES ☐ NO

Charge Read: Understanding Indicated; Procedures/Penalties Explained: Yes ☒ No ☐

Inmate Plea:     Guilty ☐   Not Guilty ☐   Refused to Plea ☒   No Contest ☐

Witnesses: Statement(s) Read: Yes ☐ No ☒ ; if No, Explain _None Present_

Additional Witnesses Requested: Yes ☐ No ☒

Requested Witnesses Called: Yes ☐ No ☒ ; if No, Explain _None Requested_

Additional Evidence Requested: Yes ☐ No ☒

Requested Evidence Presented: Yes ☐ No ☒ ; if No, Explain _None Requested_

Findings: Dismissal ☐          Not Guilty ☐          Guilty ☒

Basis for Decision:
_Officer Andrew P Smith's write statement
that he ordered Inmate Logan, Inmate-
DC#Y00685, to submit to handcuff
procedures and Inmate Logan refused the
order. All statements read & considered.
Refused to Appear / Refused to sig. DC4-814_

VI.  Action:
☐ Loss of Gain Time _____ days Ø G T.
☒ DC not to exceed _30_ days
☐ DC part time _____ days
☐ Suspension - Mail/Visitation/Telephone Privileges _____ days
☐ Suspension - Other Privileges _____
☐ Extra Duty during Leisure Hours _____

☐ Disciplinary Squad _____ days
☐ Individual Review and Counseling _____
☐ Confiscate Contraband _____

☐ Payment - Damages/Destroyed/Misappropriated Property $_____
☐ Loss of Unearned Gain Time _____ days; Justification _____

☐ Probation for _____ days; Specific portion of above penalties:
_____
_____

☐ Concurrent               ☒ Consecutive

Comments _____
_____
_____

INMATE PROVIDED COPY OF WORKSHEET AND WAS ADVISED OF RIGHT TO APPEAL:   ☒ YES ☐ NO

_____          _____          _____
Team Member                              Team Member                              Chairman/Hearing Officer

DC6-112E (Revised 3-05)        Original: Inmate File        Pink: Central Office        Canary: Inmate