UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JAMES ALEXANDER LOGAN,**

    **Plaintiff,**

v.                                     **Case No.: 3:07-cv-01156-TJC-JBT**

**CAPT. A.P. SMITH, et al.,**

    **Defendants.**
_____/

**DEFENDANTS' MOTION TO DISMISS AND
MOTION TO IMPOSE SANCTIONS**

    Defendants **Smith**, **Riley**, **Silcox**, **Humphreys**, **Godwin**, **Fowler**, **Parrish**, **Selyutin**, **Mathews**, **Williams**, **Bonsall**, **Kennington**, and **Lingis**, through undersigned counsel and pursuant to 42 U.S.C. § 1997e(c)(1), move to dismiss with prejudice Plaintiff's complaint.  Additionally, Defendants request Plaintiff be given a "strike" under 28 U.S.C. § 1915(e)(2)(B) and sanctions recommended against him under section 944.279, Florida Statutes, for filing a frivolous, false, and/or malicious claim.

**STATEMENT OF FACTS**

    1.    Plaintiff states the following in his Third Amended Complaint:

    Thereafter I was escorted from my cell (B1327) to medical department still restrained and when I entered the emergency room said

1

> officers commence pounching me again repeatedly in my face, head, and threw me to the floor on my right shoulder which became dislocated and one of the officer placed a (spit shield) over my face after said officers cease from abusing me to conceal the physical injuries I sustained from the assaults. I was aggressively snatched up off the floor which causes my right shoulder to be relocated. I was examined by Nurse T.A. Parrish and M.D. Victor Selyutin who watched me get physical abused and both medical personnels (<u>fail to intervene</u>) the officers misconduct and they both <u>fail</u> to proper examining me and all sustained injuries and they fail to removed the (spit shield) from over my whole head and face to examining said injuries but wrote in my medical record (no injuries) sustained.

(Doc. 27: 11) (all errors in original) Plaintiff made these allegations under penalty of perjury. (Doc. 27: 17)

    2.    The hand held video of the events from August 30, 2007 shows Plaintiff to be untruthful. The hand held video shows no uses of force by prison guards on Plaintiff in front of medical personnel. (Exh. A, Part A: from 0:42 – 7:00)[1] Dr. Selyutin does not arrive to check on Plaintiff until after Plaintiff is on the gurney. (Exh. A, Part A: from 2:54 – 3:35)[2] The video also indisputably shows that Plaintiff was given a complete examination, including the lifting of the spit shield and the examining of Plaintiff's whole face and whole head. (Exh. A, Part A: from 2:36 – 3:15

---

[1] The videos will be filed under seal assuming the Court grants Defendants' previously filed motion. (Doc. 85)

[2] It is noted that a battery change occurs during the filming. However, a clock in the examination room shows it to be approximately 1:47 immediately before the battery change and approximately 1:49 when the camera begins recording again. (Exh. A, Part A: from 2:56 - 3:48) Nothing in the examination rooms appears different. Certainly, no use of force appears to have occurred during the approximately one to two minutes it took to change the battery.

and 6:00 – 6:55)

## MEMORANDUM OF LAW

42 U.S.C. § 1997e(c)(1) states:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

"*Pro se* filings do not serve as an 'impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) (citing Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir.1986)).  Furthermore, "[w]hile a prisoner's pro se pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court.  Providing false responses to the Court is sanctionable conduct and undermines the administration of justice." Willis v. Tompkins, No. CV608-030, 2008 WL 1986220, at *1 (S.D.Ga. 2008).  (Exh. B)  A court may impose sanctions upon a party who knowingly files a pleading containing false allegations, which includes dismissal. See Rule 11(c), Federal Rules of Civil Procedure; Hood v. Tompkins, 197 Fed App'x 818, 819 (11th Cir. 2006) (Exh. C).

In addition, Florida Statute § 944.279(1) provides for the following sanction when a prisoner is found to have brought a malicious suit involving false information:

> At any time, and upon its own motion or on motion of a party, a court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith. A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court, which is filed after June 30, 1996, or to have brought a frivolous or malicious collateral criminal proceeding, which is filed after September 30, 2004, or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections. The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09.

Furthermore, courts have found the "blackboard method" to be an appropriate sanction where other sanctions are improper. Brown v. Kent, Case No, 3:09cv88/WS/MD (N.D.Fla Jun. 30, 2010) (Exh. D).

Plaintiff's untruthful allegations are malicious and frivolous.[3] The filing of lawsuits by inmates as a harassment tool and the tendency of some inmates to seek to win by any means necessary are becoming all too common. While this Court cannot completely change the way unscrupulous inmates litigate, it can and must hold accountable those inmates which blatantly lie in pleadings. When untruths are hurled

---

[3] A claim is frivolous if it is without arguable merit either in law or fact or when it appears that the plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

at prison personnel in court documents, it creates an atmosphere of litigation tyranny where the prison personnel are required to disprove a negative.[4]  Prison personnel should not be subjected to such abuse.  Where a lie is clear and deliberate, the reckoning by this Court should be harsh and resolute.

## CONCLUSION

For the aforementioned reasons, Plaintiff's complaint should be dismissed with prejudice under 42 U.S.C.A. § 1997e(c)(1); the Court should recommend sanctions pursuant to section 944.279, Florida Statutes; Plaintiff should be given a strike under 28 U.S.C. § 1915(e)(2)(B); and Plaintiff should be given any other sanctions[5] this Court deems appropriate to discourage Plaintiff from lying in any future cases he may bring.

Respectfully submitted,

**BILL MCCOLLUM
ATTORNEY GENERAL**

---

Plaintiff's claim that he was not given a proper medical examination is frivolous.

[4] Lies, of course, have been deemed odious and oppressive throughout history.  See, e.g., Plato, Phaedo, http://www.gutenberg.org/files/1658/1658.txt  ("False words are not only evil in themselves, but they infect the soul with evil."); Albert Camus, Resistance, Rebellion, and Death 168 (Vintage 1995) ("And whoever says the sky is blue when it is gray is prostituting words and preparing the way for tyranny.").  Considering the difficulties of disproving a negative, a legal system which seeks truth cannot continue to function effectively if lying becomes commonplace.

[5] Because Plaintiff is a life-sentenced inmate, recommending sanctions under 944.279 may not be a proper deterrent for lying to this Court as Plaintiff has no gain time to lose.  As an alternative deterrent, this Court could order Plaintiff to write the following 1,000 times: "In the future, I will not make untruthful statements to this Court or any other court in which I litigate."  See, e.g., Brown v. Kent, Case No, 3:09cv88/WS/MD (N.D.Fla Jun. 30, 2010).

/s/ Lance Eric Neff
LANCE ERIC NEFF
Assistant Attorney General
Florida Bar Number 26626
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300 - Telephone
(850) 488-4872 - Facsimile
Email: Lance.Neff@myfloridalegal.com

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to: James Logan, DC# Y00683, Union C.I., 7819 N.W. 228th Street, Raiford, FL 32026-4000 on this 29th day of July, 2010.

/s/ Lance Eric Neff
LANCE ERIC NEFF