**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES ALEXANDER LOGAN,

    Plaintiff,

v.                                                                        Case No. 3:07-cv-1156-J-JBT

CAPT. A . P. SMITH, et al.,

    Defendants.

_____

**ORDER**

This cause is before the Court on Plaintiff Logan's *pro se* Emergency Notice to the Court (Doc. #190), in which Plaintiff asserts that he has been subjected to numerous retaliatory acts, including several beatings by correctional officers.[1] It is unclear exactly what relief he seeks; however, he requests the Court to protect his life and safety. Thus, it appears he is seeking some sort of injunctive relief. The Court previously denied a similar request. See Order (Doc. #145), filed August 17, 2012. This current request is due to be denied for the same reasons.

Specifically, Plaintiff failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. Further, Plaintiff has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant

---

[1] Plaintiff also complains that the attorney appointed to represent him in this case (which concerns events that allegedly occurred on August 30, 2007) has not responded to Plaintiff's requests for assistance regarding these other matters. Plaintiff should note that counsel was appointed to represent Plaintiff in this case only and is not under any obligation to assist Plaintiff with other matters.

to Fed. R. Civ. P. 65(c). Additionally, he did not prepare a proposed form of temporary restraining order and/or preliminary injunction in accordance with the requirements contained in Rule 65(b) and (d), Fed. R. Civ. P.

Moreover, upon review of the record, Plaintiff is not entitled to injunctive relief.

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> (d) the TRO or preliminary injunction would not be averse to the public interest.
> See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), cert. denied, 534 U.S. 1072 (2001). The movant must clearly establish the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Here, Plaintiff has failed address, let alone meet his burden of persuasion as to these four prerequisites for injunctive relief.

Further, insofar as Plaintiff may be seeking a transfer from Florida State Prison, as this Court previously observed, the decision of where to confine a particular inmate is within the broad discretionary authority of custodial officials. This Court will not interfere with the day-to-day decision-making of the prison officials concerning the housing assignments of inmates, as that is the type of decision which typically is made by prison administrators with

the expertise to make these decisions, taking into account the safety and security of prison staff and inmates.

Accordingly, Plaintiff's request for injunctive relief, contained in his *pro se* Emergency Notice to the Court (Doc. #190), is **DENIED**.  However, in an abundance of caution, the **Clerk** shall send a copy of the Emergency Notice to the Court (Doc. #190) and this Order to the Inspector General for the Florida Department of Corrections for whatever action may be deemed appropriate in light of Plaintiff's allegations regarding retaliatory acts.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of April, 2014.

_____
JOEL B. TOOMEY
United States Magistrate Judge

ps 4/10
c:
Counsel of Record
James Alexander Logan