**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES ALEXANDER LOGAN,

       Plaintiff,

v.                                                                                  Case No. 3:07-cv-1156-J-JBT

CAPT. A. P. SMITH, et al.,

       Defendants.

**ORDER**

**I. Status**

Plaintiff is an inmate of the Florida penal system who is proceeding in this case on a pro se Third Amended Complaint[1] (TAC),[2] in which he names the following Defendants,[3] who were employed at Florida State Prison (FSP) at the time the events giving rise to Plaintiff's claims allegedly occurred: (1) Captain Andrew P. Smith; (2) Lieutenant R. J. Bonsall; (3) Sergeant Michael Riley; (4) Sergeant Darrell Kennington; (5) Sergeant Daren Williams; (6)

---

[1] Although Plaintiff is proceeding on his pro se Third Amended Complaint, filed April 13, 2009, the Court appointed Daniel A. Smith, Esquire, to represent Plaintiff on March 13, 2013.

[2] Because the pages of the TAC are not sequentially numbered, the Court will cite the page numbers assigned by the Court's electronic filing system.

[3] Plaintiff misspells several of the Defendants' names. The Court will hereinafter refer to the correct spelling of these names, as reflected in the record.

Officer Jason Silcox; (7) Officer Brian Humphrey;[4] (8) Sergeant K. N. Lingis; (9) Sergeant W. Godwin; (10) Officer T. A. Fowler; (11) Dr. Victor Selyutin; (12) Physician's Assistant William Mathews; and (13) Nurse T. M. Parrish.  Plaintiff contends the Defendants beat him and/or failed to intervene when he was attacked and/or were deliberately indifferent to his resulting serious medical needs.

The Court previously granted Defendants' Motion for Summary Judgment (Doc. #98); however, the Eleventh Circuit Court of Appeals reversed, finding that granting "plenary summary judgment—based on the conclusion that no reasonable jury could conclude that some defendants used excessive force—was inappropriate." Logan v. Smith, 439 F. App'x 798, 802 (11th Cir. 2011) (per curiam). The Eleventh Circuit left open the question of whether summary judgment may be appropriate with respect to some individual Defendants or claims.  Therefore, the Court gave Defendants an opportunity to file another motion for summary judgment. See the Court's Order (Doc. #183), filed September 23, 2013.

This cause is before the Court on Defendants' Second Motion for Summary Judgment (Doc. #186) (Defendants' Motion).[5]  Plaintiff has responded. See Plaintiff's Response to Second Motion for Summary Judgment (Doc. #189) (Plaintiff's Response).  Thus, Defendants' Motion is ripe for review.

---

[4] Pursuant to a Joint Stipulated Voluntary Dismissal with Prejudice of Brian Humphrey (Doc. #177), the Court dismissed Defendant Humphrey from this action with prejudice. See the Court's Order (Doc. #179), filed July 24, 2013.

[5] The Court will refer to the exhibits appended to Defendants' Motion as "Ex."

## II.  Summary Judgment Standard

"Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).  "If the moving party meets this burden, 'the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor.'"  Ekokotu v. Federal Exp. Corp., 408 F. App'x 331, 333 (11th Cir. 2011) (per curiam)(quoting Fickling v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007)).

## III. Plaintiff's Allegations and Claims

Plaintiff alleges the following facts in his TAC.[6]  On August 30, 2007, at approximately 10:25 a.m., Plaintiff informed Defendants Godwin and Fowler that he was feeling depressed and suicidal "and in dire [need] to see [his] psyche doctor but to no avail."  TAC at 9.  At approximately 1:20 p.m. that afternoon, Plaintiff relayed the same information to Defendants Smith and Bonsall, but no action was taken.  At this point, Plaintiff began lighting toilet paper and threw several pieces into the hallway.  He also attempted to commit suicide by hanging himself.  Defendant Lingis sprayed the fire extinguisher into Plaintiff's cell even though there was no fire within the cell.

At approximately 1:34 p.m., Defendants Smith and Bonsall returned to Plaintiff's cell with a cell extraction team consisting of Defendants Kennington, Williams, Riley, Silcox and Humphrey.  Defendant Smith ordered Defendant Fowler to open Plaintiff's cell, and

---

[6] Plaintiff declared under penalty of perjury that the assertions in his TAC were true and correct.  See TAC at 17.

thereafter the cell extraction team entered the cell and threw Plaintiff to the floor.  Plaintiff was placed in handcuffs, and then the members of the cell extraction team punched Plaintiff's face and head and kicked his side and back.  Plaintiff screamed out in pain and repeatedly informed the officers that he was not resisting.  Defendants Smith and Bonsall observed the members of the cell extraction team attack Plaintiff while he was restrained and failed to intervene or attempt to stop the abuse.

Plaintiff was then escorted to the medical department.  When he entered the emergency room, the same officers repeatedly punched Plaintiff again in the face and head.  Plaintiff was thrown to the floor, resulting in the dislocation of his right shoulder.  Plaintiff also sustained extreme swelling on the left and right sides of his face and the back of his head.  Additionally, he experienced extreme pain in his rib cage and lower back.

After the abuse ended, one of the officers placed a spit shield over Plaintiff's head to conceal his injuries.  Plaintiff was then "aggressively snatched up off the floor which cause[d] [his] right shoulder to be relocated." Id. at 11.  Defendants Parrish and Selyutin watched while Plaintiff was physically abused and failed to intervene or attempt to stop the abuse.  Thereafter, Defendants Parrish and Selyutin failed to remove the spit shield, failed to properly examine Plaintiff for his injuries and failed to document his injuries.  Defendant Mathews also failed to properly examine Plaintiff and document his injuries.

Plaintiff also appended three affidavits to his TAC.  In one of these affidavits, Plaintiff reiterates the allegations in his TAC as summarized above.  See TAC at Exhibit B.  In another affidavit, inmate Michael J. Scurry states the following.  On August 30, 2007, he observed Defendant Smith order Plaintiff to submit to handcuff procedures.  TAC at Exhibit

A. Moments later, Defendant Smith left the area to summon the cell extraction squad. "While knowing that there wasn't a fire to be extinguished, Lt. Bonsall made a pretense as if there was [sic] a live fire in said cell and told Sgt. Lingis to spray inmate Logan with the fire extinguisher." Id. Thereafter, Defendant Smith returned with the cell extraction team and ordered Defendant Fowler to open the cell door. At this point, inmate Scurry saw Plaintiff lying on his stomach in the center of his cell "so as to submit to the handcuff procedure. Immediately after being cuffed & shackled, all five extracting officers began to viciously punch, knee and kick inmate [L]ogan everywhere." Id. After the attack, "inmate [L]ogan's face was complete[ly] covered with blood." Id.

In the final affidavit, inmate Ronald Curtis Mays states the following:

> On August 30, 2007 at or about 1:34 p.m., I Ronald Curtis Mays DC # C-319443, was assigned to cell # B-1328S at Florida State Prison, was standing to my cell door when I observed Captain A. P. Smith and Lieutenant Bonsall with the Cell Extraction Team, approached Inmate Logan, James, DC # Y00683, Cell (B-1327S) door. Captain A. P. Smith ordered Officer Fowler to roll open cell B-1327. Once the cell was open, the Cell Extraction Team entered Inmate Logan's cell with the shield while the team was in said cell, I heard Inmate Logan commence hollering [sic] out in pain and Captain A. P. Smith stated, "Stop resisting!" Inmate Logan stated numerous time[s], "I am not resisting!" The Team was in Inmate Logan's cell between 4 to 10 minutes and when they finally brought Inmate Logan out of the cell, I notice[d] the left side of his face was extremely swollen and he was covered with the content from the fire extinguisher.

TAC at Exhibit C (some capitalization omitted).

Plaintiff raises the following claims in the TAC. In Claims 1-12, Plaintiff alleges Defendants Smith, Kennington, Riley, Bonsall, Silcox, Humphrey, Williams, Lingis, Fowler,

Godwin, Parrish and Selyutin subjected Plaintiff to cruel and unusual punishment by using unjustified force against him.  In Claim 13, Plaintiff contends that Defendant Mathews was deliberately indifferent to Plaintiff's serious medical needs.  In Claims 14-16, Plaintiff asserts that the physical force used by Defendants Godwin, Fowler, Parrish, Selyutin, Smith and Bonsall, and their failure to intervene, constitute the torts of assault and battery under state law.  In Claims 17-19, Plaintiff alleges that  the physical force used by Defendants Riley, Kennington, Silcox, Humphrey, Williams and Lingis constitutes the torts of assault, battery and negligence under state law.  In Claim  20, Plaintiff asserts that the physical force used by Defendant Mathews constitutes the torts of assault, battery and negligence under state law, and that Defendant Mathews was deliberately indifferent to Plaintiff's serious medical needs by failing to document Plaintiff's injuries.  In Claim 21, Plaintiff argues that the Defendants' use of force violated his rights under the Equal Protection Clause.  Finally, in Claim 22, Plaintiff alleges that the Defendants' actions were in violation of the Defendants' own rules.  TAC at 12-16.

### IV.  Uncontested Issues

Plaintiff concedes that the following claims and requests for relief should be dismissed: (1) Plaintiff's equal protection claim; (2) Plaintiff's request that each Defendant be criminally charged; (3) all claims against Defendant Mathews with the exception of the claim that Defendant Mathews was deliberately indifferent to Plaintiff's serious medical needs when he failed to properly examine Plaintiff and document his injuries on August 31, 2007; (4) the excessive force claims against Defendants Godwin, Fowler, Lingis, Parrish and Selyutin; (5) the assault and battery claims against Defendants Godwin, Fowler, Lingis,

Parrish, Selyutin and Mathews; and (6) the negligence claims against Defendants Parrish, Selyutin and Mathews.  See Plaintiff's Response at 3-5.  Thus, these claims will be dismissed without further discussion, and the Court will now address the remaining arguments in Defendants' Motion.

## V. Contested Issues

### A.  Failure-to-Intervene

Defendants assert that they are entitled to summary judgment with respect to the failure-to-intervene claims against Defendants Godwin, Fowler, Lingis, Parrish and Selyutin.  Defendants' Motion at 17-18.  Plaintiff contends that the question of whether these Defendants were in a position to intervene and failed to do so is a question of fact that must be resolved by a jury.  Plaintiff's Reply at 3-4.

In an excessive force case, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).  Moreover, the law of this circuit is that "'[a]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.'"  Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008) (quoting Skrtich v. Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002)).

> The duty to intervene has been found applicable to prison nurses. See Decayette,[7] 2009 WL 1606753, at * *3, 8, U.S. Dist. LEXIS 48127 (summary judgment denied on Eighth Amendment failure to intervene claim against a prison nurse who was alleged to have observed plaintiff being beaten by corrections officers); see also Durham v. Nu'Man, 97 F.3d 862, 868 (6th Cir. 1996), cert. denied, 520 U .S. 1157 (1997) (summary judgment denied state hospital nurse who "stood idly by" and watched while plaintiff prisoner was beaten by corrections officers).

Cole v. New York State Dep't of Corr. Servs., No. 9:10-CV-1098-(NAM/TWD), 2012 WL 4491825, at *16 (N.D.N.Y. Aug. 31, 2012), report and recommendation adopted by, Cole v. New York State Dep't of Corr. Servs., No. 9:10-CV-1098-(NAM/TWD), 2012 WL 4506010 (N.D.N.Y. Sept. 28, 2012).

Here, liberally construing the TAC, Plaintiff claims that Defendants Godwin, Fowler and Lingis failed to intervene to stop the excessive force allegedly employed during the cell extraction. These three Defendants deny witnessing the cell extraction. In particular, Defendant Godwin alleges that he was located at the quarterdeck of B-wing during the cell extraction. Ex. AA at 2. Defendant Fowler states that he was present during a portion of the cell extraction, but could not observe anything due to the "extremely low visibility associated with smoke in the corridor." Ex. BB at 2. Defendant Fowler avers that he left the scene just prior to the cell extraction and went to his office. Ex. CC at 2. However, it is unclear if these Defendants were in a position to hear or observe any part of the cell extraction. Thus, the Court agrees with Plaintiff's contention that whether these Defendants

---

[7] Decayette v. Goord, No. 9:06-CV-783, 2009 WL 1606753 (N.D.N.Y. June 8, 2009).

were in a position to intervene and failed to do so is a question of fact that must be resolved by a jury.

The only other failure-to-intervene claims at issue in Defendants' Motion are those against Defendants Parrish and Selyutin. As noted previously, Plaintiff asserts in his TAC and his accompanying affidavit that Defendants Parrish and Selyutin watched while Plaintiff was physically abused and failed to intervene or attempt to stop the abuse. Defendants Parrish and Selyutin deny witnessing any abuse. See Ex. DD; Ex. EE. Therefore, there is a genuine issue of material fact that precludes the entry of summary judgment in favor of Defendants Parrish and Selyutin on the failure-to-intervene claims raised in Claim 15.[8]

## B. Deliberate Indifference to Serious Medical Needs

Defendants also argue that Defendants Selyutin, Parrish and Mathews are entitled to summary judgment insofar as Plaintiff contends that they were deliberately indifferent to his serious medical needs. The Eleventh Circuit recently addressed the requirements to establish an Eighth Amendment claim with respect to medical care.

> The Eighth Amendment's prohibition against "cruel and unusual punishments" protects a prisoner from "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a claim of unconstitutionally inadequate medical treatment, a prisoner must establish "an objectively serious [medical] need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference

---

[8] Because Plaintiff alleged in the "Statement of Facts" section that Defendants Parrish and Selyutin watched while Plaintiff was physically abused and failed to intervene or attempt to stop the abuse, the Court will liberally construe Claim 15 to include an Eighth Amendment failure-to-intervene claim.

9

> of required action from those facts." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).

Kuhne v. Fla. Dep't of Corr., 745 F.3d 1091, 1094 (11th Cir. 2014).

As noted above, Plaintiff concedes that all claims against Defendant Mathews, with the exception of the claim that Defendant Mathews was deliberately indifferent to Plaintiff's serious medical needs when he failed to properly examine Plaintiff and document his injuries on August 31, 2007, should be dismissed. Liberally construing the TAC, Plaintiff alleges that he had a serious medical need, and that there was an objectively insufficient response to that need when Defendant Mathews failed to properly examine Plaintiff and document his serious injuries. On the other hand, Defendant Mathews alleges that he thoroughly examined and treated Plaintiff on August 31, 2007. See Ex. GG. Therefore, there is a genuine issue of material fact that precludes the entry of summary judgment in favor of Defendant Mathews on this deliberate indifference claim.[9]

Although Plaintiff does not include a deliberate indifference claim against Defendants Selyutin and Parrish in the "Statement of Claims" section of his TAC, Plaintiff does allege in the "Statement of Facts" section of the TAC that Defendants Parrish and Selyutin failed to remove the spit shield, failed to properly examine Plaintiff for his injuries and failed to document his injuries. Thus, the Court will liberally construe these allegations as an Eighth

---

[9] To the extent Defendants argue that Plaintiff's injuries did not constitute a serious medical need, the Eleventh Circuit suggested that the extent of Plaintiff's injuries is a question for the jury to determine. Logan, 439 F. App'x at 801-02.

Amendment deliberate indifference claim.[10] Defendants Parrish and Selyutin allege that they thoroughly examined and treated Plaintiff.  See Ex. DD; Ex. EE.  Therefore, there is a genuine issue of material fact that precludes the entry of summary judgment in favor of Defendants Selyutin and Parrish on this deliberate indifference claim.

### C. Qualified Immunity

Defendants Godwin, Fowler, Lingis, Parrish, Selyutin and Mathews argue that they are entitled to qualified immunity because Plaintiff "cannot show that these six defendants violated any constitutional right."  Defendants' Motion at 21.  Eleventh Circuit has stated:

> "Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Lee v. Ferraro, 284 F.3d 1188, 1193–94 (11th Cir. 2002) (quoting Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001) (internal quotations omitted)).  To claim qualified immunity, a defendant must first show he was performing a discretionary function. Mercado v. City of Orlando, 407 F.3d 1152, 1156 (11th Cir. 2005) (citation omitted).  The burden then shifts to the plaintiff to show that: (1) the defendant violated a constitutional right; and (2) the right was clearly established at the time of the violation. Id. at 1156.

Barnes v. Zaccari, 669 F.3d 1295, 1303 (11th Cir. 2012).

Here, it appears to be undisputed that Defendants were performing discretionary functions as employees of the Florida Department of Corrections at all material times. Thus, to defeat qualified immunity on a motion for summary judgment, Plaintiff must show that

---

[10] The Eleventh Circuit noted that the videotape in this case may suggest that these two Defendants conducted limited examinations of the Plaintiff. Logan, 439 F. App'x at 802.

Defendants violated a constitutional right and that such right was clearly established at the time of the alleged violation.

Whether Defendants Parrish, Selyutin and Mathews were deliberately indifferent to Plaintiff's serious medical needs is in dispute, and the Court cannot determine whether these Defendants are entitled to qualified immunity until these factual issues have been resolved. See Harris v. Coweta Cnty., 21 F.3d 388, 393 (11th Cir. 1994) (finding that in 1990, "it was clearly established that knowledge of the need for medical care and intentional refusal to provide that care constituted deliberate indifference") (citing Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)); Aldridge v. Montgomery, 753 F.2d 970, 974 (11th Cir. 1985) (per curiam) (finding that, given the allegation that the doctor refused to examine the plaintiff, "there was a jury issue whether appellant at that time had a serious medical need").

Additionally, whether Defendants Godwin, Fowler, Lingis, Parrish and Selyutin failed to intervene when Plaintiff was allegedly beaten is also in dispute, and therefore the Court cannot determine whether these Defendants are entitled to qualified immunity until these factual issues have been resolved. See Skrtich, 280 F.3d at 1305 ("In this case, Skrtich claims that after he was rendered inert by the electric shock and was not resisting, indeed not capable of resisting, the officers administered a severe beating with no other purpose than the infliction of pain. The district court properly concluded that the officers who allegedly administered or failed to intervene in this beating are not entitled to qualified immunity."); Logan, 439 F. App'x at 801 n.3 ("because we conclude that the videos do not rule out the possibility of the use of excessive force, we cannot decide that they extinguish

the possibility that the defendants accused of failing to intervene are entitled to summary judgment").

## D.  Compensatory and Punitive Damages

Defendant contends that Plaintiff has not suffered an injury sufficient to withstand 42 U.S.C. § 1997e(e).

> Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  This statute is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints.  See Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA). An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal. Id. at 980.
>
> Tracking the language of the statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody.  In Harris, we decided that the phrase "Federal civil action" means all federal claims, including constitutional claims. 216 F.3d at 984-85.

Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002).

Here, Plaintiff is bringing a federal civil action, he is a prisoner, and he is seeking compensatory and punitive damages.  However, the nature and extent of Plaintiff's injuries is in dispute, and as noted previously, the Eleventh Circuit suggested that the extent of his

injuries is a question for the jury to determine. Thus, Defendants' Motion will be denied insofar as they seek dismissal of his requests for compensatory and punitive damages.

## **VI. Conclusion**

For all of the above-stated reasons, Defendants' Motion will be granted in part and denied in part. Additionally, the following claims will be dismissed because Defendant Humphrey was previously dismissed from this action: Claim 6 (Defendant Humphrey subjected Plaintiff to cruel and unusual punishment by using unjustified force against him) and the portion of Claim 18 alleging assault, battery and negligence claims against Defendant Humphrey. Finally, Claim 22 (the Defendants' actions were in violation of the Defendants' own rules) will be dismissed for failure to state a claim upon which relief may be granted.[11]

Therefore, only the following claims will proceed to trial: (1) Defendants Smith, Kennington, Riley, Bonsall, Silcox and Williams subjected Plaintiff to cruel and unusual punishment on August 30, 2007, by using unjustified force against him and/or failing to intervene to prevent such harm; (2) Defendants Smith, Kennington, Riley, Bonsall, Silcox and Williams committed the torts of assault and battery upon Plaintiff on August 30, 2007; (3) Defendants Godwin, Fowler, Lingis, Parrish and Selyutin subjected Plaintiff to cruel and

---

[11]The PLRA requires the Court to dismiss a claim at any time if the Court determines it fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Therefore, a violation of any rules promulgated by the Florida Department of Corrections does not state a claim under § 1983.

unusual punishment on August 30, 2007, by failing to intervene in an attempt to prevent the abuse of Plaintiff[12]; (4) Defendants Parrish and Selyutin subjected Plaintiff to cruel and unusual punishment on August 30, 2007, by being deliberately indifferent to his serious medical needs when they failed to properly examine Plaintiff and failed to document his injuries[13]; and (5) Defendant Mathews subjected Plaintiff to cruel and unusual punishment on August 31, 2007, by being deliberately indifferent to Plaintiff's serious medical needs when he failed to properly examine Plaintiff and document his injuries.

Therefore, it is now

**ORDERED**:

1. Defendants' Second Motion for Summary Judgment (Doc. #186) is **GRANTED** as to the following claims: Claims 8 through 12; the portion of Claim 14 alleging assault and battery claims against Defendants Godwin and Fowler; the portion of Claim 15 alleging assault and battery claims against Defendants Parrish and Selyutin; the portions of Claims 17, 18 and 19 alleging negligence claims against Defendants Riley, Kennington, Silcox, Humphrey and Williams; the portions of Claims 19 and 20 alleging negligence, assault and battery claims against Defendants Lingis and Mathews; and Claim 21. Judgment to that effect will be withheld pending adjudication of the action as a whole. See Fed. R. Civ. P. 54.

---

[12] As previously stated, the Court has liberally construed the TAC to include these failure-to-intervene claims even though there is only one enumerated claim raising such a claim (the portion of Claim 14 alleging Defendants Godwin and Fowler failed to intervene to stop the abuse of Plaintiff).

[13] As noted above, the Court has liberally construed the TAC to include a claim that Defendants Parrish and Selyutin were deliberately indifferent to Plaintiff's serious medical needs even though that was not one of Plaintiff's enumerated claims.

2.     Defendants' Second Motion for Summary Judgment (Doc. #186) is **DENIED** as to the following claims: Claims 1 through 5; Claim 7; Claim 13; the portion of Claim 14 alleging Defendants Godwin and Fowler failed to intervene to stop the abuse of Plaintiff; the portion of Claim 15 alleging that Defendants Parrish and Selyutin failed to intervene to stop the abuse of Plaintiff; Claim 16; the portions of Claims 17 through 19 alleging that the physical force used by Defendants Riley, Kennington, Silcox and Williams constitutes the torts of assault and battery; and the portion of Claim 20 alleging that Defendant Mathews was deliberately indifferent to Plaintiff's serious medical needs.

3.     The following claims are **DISMISSED**: Claim 6; the portion of Claim 18 alleging assault, battery and negligence claims against Defendant Humphrey; and Claim 22. Judgment to that effect will be withheld pending adjudication of the action as a whole. See Fed. R. Civ. P. 54.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of May, 2014.

_____
JOEL B. TOOMEY
United States Magistrate Judge

ps 5/20
c:
Counsel of Record

16